[S. F. No. 3192.    Department Two.—May 9, 1905.]

JOSEPH CRAIG, Appellant, v. P. T. BOONE, Tax-Collector, etc., Respondent.

TAXATION — TAXES PAID UNDER PROTEST — ACTION AGAINST TAX-COLLECTOR—DUTY OF COLLECTOR.—It is the duty of the tax-collector to pay all taxes collected by him into the county treasury; and an action will not lie against him to recover taxes paid to him under protest, though the assessment was void.

ID.—PLEADING—PRESUMPTION OF PAYMENT INTO TREASURY.—Where the complaint in the action against the tax-collector does not allege the contrary, it must be presumed that the money has been paid into the treasury.

ID.—MONEY HAD AND RECEIVED BY AGENT—PAYMENT TO PRINCIPAL.—The suit against the tax-collector is in the nature of an action for money had and received by an agent, which will not lie after he has paid over the money to his principal.

APPEAL from a judgment of the Superior Court of Lake County. R. W. Crump, Judge.

The facts are stated in the opinion.

T. J. Sheridan, and Thomas B. Bond, for Appellant.

The action is maintainable against the tax-collector, the assessment being void and the payment being under protest. (*Bank of Mendocino* v. *Chalfant,* 51 Cal. 369; *Cooper* v. *Chamberlin,* 78 Cal. 450; *Dear* v. *Varnum,* 80 Cal. 86; *McCabe* v. *Carpenter,* 102 Cal. 469; *Falkner* v. *Hunt,* 16 Cal. 171; *Guy* v. *Washburn,* 23 Cal. 113.)

McNab & Hirsch, for Respondent.

The payment to the collector, notwithstanding the protest, was voluntary, and is not recoverable from the tax-collector. (*Brumagim* v. *Tillinghast,* 18 Cal. 271;[1] *Wills* v. *Austin,* 53 Cal. 162; *Phelan* v. *San Francisco,* 120 Cal. 1; *Haines* v. *Young,* 132 Cal. 513; *Rooney* v. *Snow,* 131 Cal. 51.) The action would not lie against the tax-collector to determine the validity of the tax. (*Bailey* v. *Johnson,* 121 Cal. 562.) It was the duty of the tax-collector to pay the money collected into the treasury immediately. (Const., art. XI, sec. 16; High School Act, sec. XIX; *San Francisco* v. *Ford,* 52 Cal. 198; *Phelan* v. *San Francisco,* 120 Cal. 1.)

SMITH, C.—This is a suit to recover from the defendant the sum of three hundred and ninety-one dollars, the amount of tax, with penalty, levied on the plaintiff's property for the maintenance of a pretended union high school. This was paid by the plaintiff under protest; and it is claimed by him on the facts alleged in the complaint that the tax was void. A demurrer to the complaint was sustained, and judgment thereon entered. In support of the demurrer one of the grounds urged is that the suit cannot be maintained against the tax-collector; and this contention we think should be sustained. Whether the tax was void or the contrary, it was the duty of the defendant on receiving this money to pay it into the county treasury (Const., art. XI, sec. 16; Pol. Code, sec. 3753; *San Francisco* v. *Ford,* 52 Cal. 199); and having done so, as, in the absence of allegations in the complaint to the contrary, it is to be presumed he did—it has been said by the court—"it would violate all principles of justice to hold him liable to the plaintiff therefor." (*Phelan* v. *San Francisco,* 120 Cal. 5.) Accordingly in a later case it is said: "He [the

---

[1] 79 Am. Dec. 176.

tax-collector] was but the agent of the county for the collection of the tax. . . . He was not concerned with the validity of the tax. If he failed to collect it because of its illegality he was not responsible to the county; and if he collected it and it subsequently proved to have been illegally assessed, he was not responsible to the aggrieved taxpayer.'' (*Bailey* v. *Johnson,* 121 Cal. 563.) In the latter case, indeed, what was said was not necessary to the decision; and in the former there was another ground on which the case may have been disposed of. But however this may be, we concur in the views expressed by the court. For the suit is in the nature of *assumpsit* for money had and received by the defendant to the plaintiff's use (Cooley on Taxation, 1482n, and authorities cited); which cannot be maintained against a mere agent or servant after he has paid over the money to his principal. (1 Chitty on Pleading, 365; *Guy* v. *Washburn,* 23 Cal. 113; *Greenway* v. *Heard,* 4 T. R. 553; *Sadler* v. *Evans,* 4 Burr. 1985, and other cases cited; *Frye* v. *Lockwood,* 4 Cow. 454; 2 Cooley on Taxation, 1482-1483.) Had the assessment been void on its face (Cooley on Taxation, 1477 et seq.), or were the money still in the hands of the defendant, or were the suit against the county treasurer into whose hands the money had passed (Cooley on Taxation, 1482), the case might be different; but on these points it is unnecessary to express an opinion. Several cases are cited by the appellant in which suits of this kind were maintained against the tax-collector. But none of these seem to have any application unless it be *McCabe* v. *Carpenter,* 102 Cal. 469, which was in some respects different, and in which the point was not considered.

We advise that the judgment be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., Lorigan, J., McFarland, J.