SEABOARD AIR LINE RAILWAY CO., A CORPORATION, *Plaintiff in Error*, v. C. E. ALLEN, *Defendant in Error*.

### Opinion Filed August 12, 1921.

1. An action at law may be maintained by a tax payer against the tax collector for the recovery back of a tax illegally assessed and collected upon real property.

2. A tax assessment upon property which as of the time it was assessed was not in existence is an illegal assessment.

3. The action by the tax payer to recover back taxes illegally assessed and collected must be brought against the tax collector before he turns the money collected over to the State and county authorities.

4. A declaration in an action to recover from the tax collector taxes illegally assessed and collected, which fails to allege that the tax collector has not paid the money so collected over to the State and county authorities is fatally defective.

5. When sustaining a demurrer to one or more special counts of a declaration which also contains several common counts, judgment should not be entered against the plaintiff because he refuses to amend his special counts, until the common counts are withdrawn.

A Writ of Error to the Circuit Court for Citrus County; W. S. Bullock, Judge.

*Knight, Thompson & Turner* and *Strauss L. Lloyd*, for Plaintiff in Error;

*Geo. W. Schofield*, for Defendant in Error.

ELLIS, J.—This was an action brought by the plaintiff in error in the Circuit Court for Citrus County, against

C. E. Allen of that county to recover a certain sum of money which it was alleged the plaintiff had been constrained to pay as taxes upon certain property in the declaration described. It was alleged that the property which consisted of about nine miles of railroad track and right of way was illegally assessed for the year 1913 for which year the alleged illegal taxes were demanded and paid. The first and second counts of the amended declaration were based specifically upon the recovery of the taxes paid by the plaintiff for the year 1913 it being alleged that in October of 1914 the tax collector seized and took into his possession the property described for the purpose of collecting the alleged illegal tax and the plaintiff was required to pay $208.64 together with $15.26 cost and the further sum of $54.17 taxes, the latter being the tax levied upon the right of way and the former tax levied upon the track and road bed. The third, fourth, fifth and sixth counts of the amended declaration were common counts for money lent by the plaintiff and money paid by the plaintiff for the use of the defendant and money received by the defendant for the use of the plaintiff and accounts stated.

The first count of the declaration which as above stated was for the recovery of taxes assessed upon the "railroad track and road bed" alleges that the said assessment was illegally and erroneously made by the tax assessor because the plaintiff did not own the "railroad right of way" when the assessment was made and that the "railroad right of way was never in existence as the property of the plaintiff and the plaintiff never owned said 9.11 miles of right of way and therefore there was never any such property as the 9.11 miles of right of way that the tax assessor of Citrus County, Florida, could have assessed against the plaintiff."

The second count of the declaration which is for the recovery of the tax of $54.17, taxes on the plaintiff's right of way, which sum it was constrained to pay because the defendant threatened to levy and seize upon certain of the plaintiff's property to satisfy this demand was an illegal and void assessment because it is alleged that the assessment on 9.11 miles of "right of way and railroad track" was not owned by the plaintiff at the time of the assessment and "was not in existence at the time and was an excessive assessment of the plaintiff's property as to mileage in Citrus County."

The defendant, Allen, by his counsel interposed a demurrer to the first and second counts of the declaration, the third, fourth, fifth and seventh grounds of which are relied upon by the defendant as being sufficient. In these grounds it is contended that the declaration does not allege in what manner the assessment, levy and collection of the tax was illegal; second that the allegation of the declaration concerning the invalidity of the assessment were mere allegations of conclusions of law; third, that it appears affirmatively from the declaration that the defendant was the tax collector of Citrus County, that the assessment of the plaintiff's property appeared on its face to be regular and that it was the duty of the tax collector under the laws of the State to collect the taxes and that having discharged his duty he could not be held liable for his official acts; forth, that it affirmatively appears that the defendant was acting as the agent of Citrus County and the State of Florida in the discharge of an official duty and that in so doing he is not liable to the plaintiff in any amount of damages. The other grounds of the demurrer attack the allegations of the declaration as to the invalidity of the tax assessment and further that the payments appear to

be voluntary payments and lastly upon the general ground that there were no facts alleged in either of the counts that amount to or constitute a cause of action against the defendant.

The demurrer was sustained and judgment was entered against the plaintiff because as it was recited in the order it refused to plead further. This was an erroneous order and the case will have to be reversed because of it. The demurrer went only to the first and second counts of the declaration and it left three common counts in the declaration which had not been withdrawn and to which the plea of the general issue had been interposed and two special pleas averring that the money sued for had been paid to the defendant as tax collector of Citrus County in the settlement of the taxes legally due by the plaintiff and third that the plaintiff on the first of January 1913 operated a line of railroad in Citrus County with various side lines and spur tracks and that for those years the defendant did not return for taxation all of its lines and spur tracks as required by law and it became the duty of the tax assessor to assess that portion of the side lines and spur tracks that had not been returned by the plaintiff for taxes and that it was for the taxes due and paid by the plaintiff upon the omitted side lines and spur tracks that the action was brought.

A judgment against the plaintiff upon the defendant's demurer to the first and second counts of the declaration should not have been entered unless the common counts had been withdrawn. The one assignment of error is that the Court erred in entering final judgment upon the demurrer to the plaintiff's amended declaration and upon that assignment counsel for the plaintiff in error urged that the first and second counts of the amended declaration

state a cause of action against the defendant.  It seems to be conceded that the action brought by the plaintiff below rested upon the payment by it under a kind of compulsion of certain taxes assessed for the year 1913 upon property in Citrus County, which taxes were illegally assessed and illegally collected and that transaction is made the subject of all the counts of the declaration.  We will, therefore, consider the questions presented by the defendant's demurrer to the first and second counts of the declaration.  The language of the declaration is somewhat involved and when strictly construed as should be done when it is attacked by a demurrer it might be considered as insufficient.  In the first count it is alleged that the assessment or tax levied upon the "track and road bed" was illegal because at that time the plaintiff did not own "the right of way" and in the second count it is alleged that the tax on the "right of way" was illegally and wrongfully levied because "said State and County taxes were assessed for an alleged 9.11 miles of railroad track which said plaintiff never owned or possessed at that time or any other time and which plaintiff states never existed."

This uncertain ambiguous language we will construe as the trial court evidently construed it to mean that the tax paid by the plaintiff and which it seeks to recover in this action was upon the road bed, track and right of way of the plaintiff corporation in Citrus County and that such road bed and track and right of way was not owned or possessed by the plaintiff at the time of the assessment nor was the particular road bed, right of way and track upon which the tax was assessed and levied in existence at the time of the assessment.  That fact then was admitted by the demurrer of the defendant.  So that the single

question presented is whether an action can be maintained for the recovery of a tax illegally assessed and collected upon real property against the person who as tax collector collected such tax. If the property described in the declaration was assessed to the plaintiff for the year 1913 and at the time of assessment was not in existence and of course therefore not possessed nor owned by the plaintiff, the assessment was of course illegal. We do not undertake to say how it is possible for a tax assessor to anticipate the coming into existence of certain railroad. properties consisting of rights of way, road beds and tracks and describe them with the particularity required for certain description and enter them upon the tax roll at the valuation the law requires to be placed upon taxable property, but the fact remains that such was the issue presented by the amended declaration. The demurrer admitted that the assessor had accomplished this remarkable achievement of precognition. Now if it is true that the assessor had accomplished such a thing the actual coming into existence of the properties a year or two or even a month after the assessment would not render it valid. It would be an illegal assessment, notwithstanding the assessor's super-intellectual performance.

Now the assessment being admitted by the demurrer to have been illegal was the tax collector liable in damages to the plaintiff for its enforcement? The circumstances under which it is alleged the plaintiff paid the tax renders the payment an involuntary one. Here the tax collector had not only threatened to exercise a power with which he was clothed by law but had actually exercised it to the extent of seizing the property described and taking the same into his possession. This allegation was made as to the first count. As to the second count it was alleged that

the seizure was threatened, but in each case payment against the will was made apparent. The plaintiff was constrained to pay in order to avoid further ills and to continue the operation of its business of railroading in Citrus County. See Maxwell v. Griswold, 10 Howard 242; Radich v. Hutchins, 95 U. S. 210; Cleveland v. Richardson, 132 U. S., 318; Lonergan v. Buford, 148 U. S. 581; Bank v. Sargeant, 65 Neb. 594, 59 L. R. A. 296; Kilpatrick v. Germania Life Ins. Co., 183 N. Y. 163; 26 R. C. L. 456, 37 Cyc. 1182. Now the payment of the illegal tax being involuntary the plaintiff had a right to recover it back. See note Mayor v. Lefferman, 4 Gill 425, 45 Am. Dec. 164. At one time it was considered that there could not exist duress as to real property so as to authorize a recovery of payment made by reason thereof, but it is now well settled that there may be duress with respect to real property as well as personal so as to render a payment on account of it involuntary so that the money may be recovered back. See 21 R. C. L. 147; Joannin v. Ogilvie; 49 Minn. 564; Bank v. Sargeant, *supra;* Mayor v. Lefferman, *supra;* Johnson v. Crooke Co., 53 Oregon 329. The action may be maintained against the collector so long as the money remains in his hands or if he had notice of the claim while the money was in his hands, but after he has in good faith paid it over to the State and the County authorities for which he acts he is no longer liable. See 26 R. C. L. 454; Atchison, Topeka & Santa Fe Ry. Co. v. O'Connor, 223 U. S. 280, 56 L. Ed. 436; Owen Co. v. F. & A. Cox Co., 132 Ky. 738, 21 L. R. A. (N. S.) 83 N; Scottish Union & National Ins. Co., v. Herriott, 109 Iowa 606; Tuttle Jr. v. Everett, 51 Miss. 27; Dickens v. Jones, 37 Cyc. 187.

In the case of Florida Packing and Ice Co. v. Carney, 51 Fla. 190, this court held that the tax collector was liable

in an action for the recovery back of money paid to him under compulsion committed by the seizing of personal property to enforce the collection of a license tax which the plaintiff was under no legal obligation to pay. The statute made it the duty of the tax collector to enforce the payment of the tax by seizure and sale of property leaving the fact as to who was subject to such tax to be ascertained by the collector and prescribed no warrant or other process under which he should act in making the seizure. It was there held that when the executive officer *transcends* his *authority* and by the seizure and threatened sale of property collects a sum for taxes which the plaintiff was under no legal obligation to pay he was liable for the return of the money collected. The recovery rests upon the theory that in such case the act of the collector is a trespass and whether he has paid over the money to the county or not he is liable in damages for his wrong. But in cases where the collector acts under the warrant of the assessor which is the collector's authority for proceeding in the case and he undertakes the collection of a tax on lands described upon the tax roll and the tax is valid upon the face of the roll and there is no defect in the collector's authority he acts as an agent for the county and state and so long as he holds this money in his possession, or is notified of the claim before paying it over to the proper officer he is liable as for money had and received if the tax is illegal. See Craig v. Boone, 146 Cal. 718; Commonwealth v. Baske, 124 Ky. 468; Cooley on Taxation, 3 Edition 1482. The payment of the money over to the county and state authorities, however, before he has any knowledge of the illegal assessment or lack of his authority relieves him from liability.

The case of Florida Packing and Ice Co. v. Carney,

*supra,* is in line with the doctrine that the tax collector is not liable in an action *ex delicto* for the collection of a tax illegally assessed if the assessment is regular upon its face and the assessor's warrant is valid or regular upon its face. See 26 R. C. L. 468.

Now as it is the duty of the tax collector to pay over to the state and county authorities the money collected by him for taxes the presumption exists in this case that he had paid over the money collected from the plaintiff when the action was brought and in the absence of an allegation to the contrary the declaration was defective and the demurrer was well taken. But this judgment will have to be reversed for the error pointed out. It is ordered that the judgment be reversed with directions to enter an order sustaining the demurrers of the defendant to the first and second counts of the declaration and that such further proceedings be taken in the case as are consistent with this opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.