NEW SMYRNA INLET DISTRICT, et al., *Appellants,* vs. J. P.
ESCH, et al., *Appellees.*
137 So. 1.
138 So. 49.
Division B.
Opinion filed October 9, 1931.
Petition for rehearing denied November 17, 1931.

*Hull, Landis & Whitehair,* of DeLand, for Appellants; *Stewart & Stewart* and *Sholtz, Green & West,* of Daytona Beach, for Appellees.

WHITFIELD, P.J.—Chapter 11791, Laws of Florida, approved November 30, 1925, amends and re-enacts Chapter 10448, approved June 8, 1925, creating a special taxing district known as "Daytona and New Smyrna Inlet District", embracing the territory included in County Commissioner's Districts Nos. 4 and 5, Volusia County, Florida. The taxing power conferred by Chapter 11791 upon the district was held to be invalid in Stewart v. Daytona and New Smyrna Inlet District, 94 Fla. 859, 114 So. 545.

In Stewart v. New Smyrna Inlet District et al., 100 Fla. 1126, 130 So. 575, it was held that the referendum provision of Chapter 14503, Acts of 1929, an act to abolish the Daytona and New Smyrna Inlet District and to create the New Smyrna Inlet District embracing County Commissioner's District No. 4, and requiring the taxes collected under Chapter 11791 to be paid over to the Board of Commissioners of New Smyrna Inlet District under Chapter 14503, violated amended section 21, Article III of the Constitution. As a result of such decision, Chapter 14503 is invalid.

Chapter 14771, Acts of 1931, (Senate Bill No. 800) does not purport to amend Chapter 11791 and 14503, but expressly repeals those acts and creates and incorporates a special taxing district in Volusia County, Florida, to be known as New Smyrna Inlet District, embracing described territory, and designates three persons as the

first board of trustees of said district with stated authority and duties, including the power to levy a tax and to issue bonds of the district wherewith to construct and maintain a channel through the inlet connecting the waters of the Indian River North and Halifax River with the waters of the Atlantic Ocean.

Chapter 14765 and 14770, (House Bills Nos. 1377 and 1378) Acts of 1931, provide that all taxes heretofore levied or collected and all assessments made in pursuance of Chapters 10448, 11791 and 14503, Laws of Florida, against any and all of the taxable property embraced within the territorial boundaries of County Commissioner's Districts No. 4 and No. 5 of Volusia County, Florida, be "in all respects, legalized, ratified, validated and confirmed as fully and completely as if said taxes had been specifically levied or collected, and as if said assessments had been specifically made in pursuance of prior legal constitutional and valid acts of the legislature, notwithstanding any unconstitutionality, illegality, want of power or authority, irregularities, omissions, or any other defects whatsoever, in said Acts, in pursuance of which said taxes were levied or collected, and in pursuance of which said assessments were made." The Acts further require the Board of Commissioners of New Smyrna Inlet District under Chapter 14503 to deliver to the Trustees of New Smyrna Inlet District under Chapter 14771 all monies, etc., collected as taxes in the former district to be used under Chapter 14771.

On November 12, 1930, prior to the enactment of Chapters 14765, 14770 and 14771 above referred to, certain taxpayers filed an Amended Supplemental Bill of Complaint alleging in effect that the original Bill of complaint was filed March 17, 1928, that, under Chapter 11791, taxes were levied in the district and about

$135,000.00 of taxes were collected, and that after expenditures alleged to be unauthorized were made, a large part of the collected tax is now in the hands of named persons pretending to act as commissioners of the purported Daytona and New Smyrna Inlet District under Chapter 11791. It is prayed that an accounting be had of the taxes collected and that appropriate decrees be made for returning to the taxpayers the respective amounts of taxes paid in by them. There are other allegations and prayers which need not be stated here. The court overruled demurrers to the Amended Supplemental Bill of Complaint and the defendants appealed.

It is in effect contended for the appellants that although the taxes were illegally levied and collected, they were voluntarily paid, and the levy and collection thereof have been ratified and confirmed by Chapters 14765 and 14770, and that as such Chapters require the Board of Commissioners of New Smyrna Inlet District as constituted in pursuance of Chapter 14503, Acts of 1929, and its successors in office to pay over to the Trustees of New Smyrna Inlet District as constituted under Chapter 14771, Acts of 1931, all monies, taxes, funds, securities, and properties and assets which have been heretofore collected under Chapter 11791, and paid over to the Board of Commissioners under Chapter 14503, the taxes collected are lawfully in the custody of the trustees under Chapter 14771, Acts of 1931.

The constitution expressly provides that "no tax shall be levied except in pursuance of law", section 3, Article IX; and when an *ad valorem* tax is levied upon property under an invalid enactment, the amounts of such taxes that were involuntarily paid may be recovered by the taxpayer in appropriate procedure that is not in effect an unauthorized suit against the State. Where the levy of

an illegal tax may become a cloud upon title to real estate, payment of the tax to avoid the cloud or to avoid the imposition of substantial burdens upon property rights of the owner, is not a voluntary payment. See S. A. L. Ry. v. Allen, 82 Fla. 191, 89 So. 555; A. T. & S. Ry. v. O'Connor, 223 U. S. 280, 32 Sup. Ct. 216, 56 L. Ed. 436.

The tax levy was not made for general governmental purposes, but to provide specific public improvements for the special benefit of the district that is taxed for the project, and if the statute authorizing the improvement be repealed or the project be abandoned, taxes paid in and not properly expended may be recovered. The tax is collected along with other governmental taxes under similar penalties and burdens to the taxpayer; and the levy being illegal, the taxpayers may recover amounts paid though no protest was made to the collection of the tax as being illegal, unless the tax levy be legally validated and the proceeds are used for a valid purpose.

Chapters 14765 and 14770 purport to validate the tax levy and to authorize the funds collected to be used by a different district created by Chapter 14771, in providing a public improvement that is similar to and perhaps is to be at the same location as that provided for by Chapter 11791 under which the tax was levied, therefore the effect of such validating statutes must be determined.

The principle that a subsequent statutory ratification of a tax levy is equivalent to previous authorization, C. H. & N. Ry. v. Welles et al., 78 Fla 227, 82 So. 770, 260 U. S. 8, 43 Sup. Ct. 3, 67 L. Ed. 100, is of general but not universal application and has definite limitations.

Where a tax levy is made by administrative officers under defective legislative enactments, or without complying with prescribed statutory requirements, such administrative levy may be ratified by a proper statutory

validation if the administrative levy could have been authorized by a proper statute when the defective statutory authority was given, and the validating statute when enacted may make the levy itself as a statutory levy without violating the constitution. See Graham & Foster v. Goodcell, 282 U. S. 409, 41 Sup. Ct. 186, 75 L. Ed. 415. But if a tax levy as made by statute or as made by administrative officers under statutory authority, could not legally have been made by the legislature itself or by the administrative officer or board under any statutory authority without violating organic law, such levy cannot in general be ratified by a statute. A void tax levy cannot be legalized by statutory ratification when substantial property rights would thereby be violated. See Forbes Pioneer Boat Line v. Bd. Comm. of Everglades Drainage Dist., 258 U. S. 338, 42 Sup. Ct. 325, 66 L. Ed. 647; 12 C. J. 968-9, 1095.

Where a special tax levy in a district for a public improvement is illegal, and the statute authorizing the improvement becomes inoperative and no benefits can accrue to the taxpayers under the statute which has been repealed, and taxpayers had theretofore instituted suit to recover the taxes that had been illegally exacted, a statute purporting to validate the tax levy, cannot legally take from the taxpayers the property right to sue for taxes illegally collected under the void levy.

Chapter 11791 became innocuous because of its illegal taxing provisions, and its attempted amendment by Chapter 14503 failed because of the invalid referendum provision of the latter act. Suit had been brought by taxpayers for an accounting and a return of the illegal taxes collected from them respectively. The property rights of the taxpayers to maintain the suit to recover the illegal taxes, cannot be cut off by Chapters 14765 and

14770 which purport to validate the tax levies and to have the proceeds of the tax delivered to a taxing district created by Chapter 14771, which latter statute does not amend or continue in force but expressly repeals Chapter 11791 under which the tax was illegally levied and collected. Even if the public improvement contemplated by Chapter 14771, Acts of 1931, is in substance and locality similar to that projected by Chapter 11791, Acts of 1925, the district created in 1931 for making the public improvement is wholly distinct from that created in 1925 and the present district covers only a part of the territory with distinctive powers and duties to be exercised in providing the public improvement. Chapter 14771 does not amend and continue in force Chapter 11791, but expressly repeals Chapters 10448, 11791 and 14503.

The declaration in the validating acts that the benefit to the territory embraced in the former district from the contemplated public improvement will be greater than the amount of taxes that were illegally collected in that territory, does not affect the right of the taxpayers in their long pending suit for an accounting and return of illegal tax collections by a statutory district that no longer exists.

There is equity in the amended supplemental bill and the order overruling demurrers thereto is affirmed.

BUFORD, C.J., AND ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in the conclusion.

———————

Petition for rehearing denied Nov. 17, 1931.

PER CURIAM.—In denying the petition for a rehearing in this case, we deem it of importance to state that we agree with the correctness of the appellants' contention that the mere payment of a tax on lands to prevent the

sale of such lands at a tax sale, and to prevent the issuance of a tax deed thereon, is not such compulsion or duress as to make the payment of the tax under such circumstances involuntary, so that the amount of money paid without protest can be recovered back (Lamborn v. County Commrs., 97 U. S. 181), but this rule is subject to an exception, as in the present case, where the exaction is an illegal special benefit assessment in the form of a tax and its collection is so tied in with other admittedly legal governmental taxes, that the taxpayer has no choice in the matter of payment, but is compelled to pay the illegal special benefit assessment at the time of the paying of other taxes in order to pay his ordinary taxes for governmental purposes.

There is a recognized legal distinction between a *tax* in its true sense, and a special benefit assessment in the form of a tax. The latter is only permissible when based on a determination of some kind of benefit to the property assessed, even though it be in the form of an ad valorem tax levied on all the property in a district deemed to have been specially benefited as a whole. Jinkins v. Entzminger, 102 Fla. 167, 135 So. Rep. 785.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.