E. B. LEATHERMAN, Clerk Circuit Court, *et al.*, v. ALTA CLIFF Co., a Corp., OCEAN BEACH HEIGHTS, INC., *et al.*

153 So. 845.

Division B.

Opinion Filed March 21, 1934.

Petition for Rehearing Denied April 18, 1934.

*Blackwell & Gray, Daniel P. Galen* and *A. W. Cockrell, Jr.,* for Appellants;

*George E. McCaskill, John P. Stokes* and *J. Julien Southerland,* for Appellees.

Buford, J.—The appellants were defendants in the court below in a suit instituted by way of bill in equity to enjoin the clerk of the circuit court from issuing certain tax deeds based upon certain tax certificates, which certificates had been issued by the Town of North Miami.

The bill was originally in the name of S. M. Tatum, Inc., a corporation under the laws of Florida, against Leatherman as clerk. Other parties were allowed to intervene. The certificates involved were tax sale certificates issued by the municipality pursuant to tax sales to enforce the unpaid assessed taxes by the Town of Miami Shores, the name of which was afterwards changed to Town of North Miami. The lands upon which these certificates were issued were located in that area of the original proposed Town of Miami Shores lying east of an imaginary line running northeasterly and southwesterly about the middle of Biscayne Bay and constituted a part of the lands involved in the case of Mahood v. State, *ex rel.* Davis, *et al.*, 101 Fla. 1254, 135 Sou. 90. In that case we held:

"It is admitted that Miami Shores was a hamlet or village and if the allegation of the information that that hamlet, or village, was located entirely west of Biscayne Bay is true, then there was no authority in law for the inclusion of the territory east of Biscayne Bay within the corporate limits of the Town of Miami Shores."

Our mandate reversing the cause was issued pursuant to the opinion and judgment being filed on March 24, 1931. After the going down of the mandate the Circuit Court entered an order wherein and whereby the city officers and the Town of North Miami formerly known as the Town of Miami Shores were each and all ousted, excluded and prohibited from exercising municipal functions over the territory in which the lands here involved are embraced.

The ouster of jurisdiction was necessarily based upon the finding and adjudication that there had never been any authority in law for the inclusion of the territory east of Biscayne Bay within the corporate limits of the Town of Miami Shores and if there had never been any lawful authority for the inclusion of that territory within the municipality, then the municipality never acquired any *de-facto* or *de jure* jurisdiction over the lands embraced in that territory. The statute under which the municipality was organized was Sections 1825-1828, R. G. S., 2935-2938, C. G. L. These sections are legislative authority only for the creation of a hamlet, or village, into a municipality and they do not authorize the citizens within a village or hamlet to create a municipality embracing such village or hamlet and including territory within such municipality which is in no manner connected with the village or hamlet sought to be incorporated into a municipality. When the village or hamlet was incorporated by the citizens it became a *de facto* corporation only to the extent authorized by the legislative acts in this regard.

Section 1825, R. G. S., 2935, C. G. L., only authorizes the male inhabitants of any hamlet or village, or town, in this State not less than twenty-five in number who shall have certain prescribed qualifications to establish for themselves a municipal government with corporate powers and privileges as provided by subsequent statutes.

In Town of Enterprise v. State, *ex rel.* Attorney General, 29 Fla. 128, 10 Sou. 740, this Court held:

"The inhabitants of a hamlet, village or town, recognized as a community of persons authorized to form a municipal government under the general Act for the incorporation of cities and towns, in force in this State, include persons living on contiguous territory, and where an attempt is made to

incorporate two distinct, detached tracts of land as corporate territory under one government, it is unauthorized and void."

In other words, under the provisions of these statutes, the male inhabitants of a hamlet, or village, conforming to the requirements of the statute may organize themselves and the territory which is occupied by such hamlet or village into a municipal corporation, but the statutes do not contemplate that such inhabitants may take unto themselves jurisdiction of territory which is in no way a part or parcel of the hamlet or village to be incorporated.

The judgment in the case of Mahood v. State, *ex rel.* Davis, *supra,* was pleaded in this case and, therefore, the Circuit Court, as well as this Court, was, and is, authorized to take judicial cognizance of the record and judgment in that case.

Looking to the record in the case of Mahood v. State, *ex rel.* Davis, *supra,* we find that the State has, through its proper officer and by proper procedure, successfully contested the right of the municipality there and here involved to exercise any municipal functions or franchises over that territory sought to be included within the territorial jurisdiction of the municipality and lying east of about the middle of Biscayne Bay. We find that the lands upon which certificates have been issued, which are the subject matter of this suit, lie in that territory which has been excluded by a valid judgment from any attempted jurisdiction on the part of the municipality or its officers.

Unless the tax certificates constitute liens on the property described in such certificates, then certainly the sale thereof, or the issuance of deeds thereunder, should be enjoined because, while a deed might not pass any title, it would appear on the record to create a cloud on the title and, as

the municipality never at any time had any legislative authority to exercise any sort of jurisdiction over that territory in which the lands lie, all its acts in that regard were null and void and the certificates are without any force or effect.

Therefore, it follows that the decree appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

·· TERRELL, J., concurs in the· opinion and judgment.

DAVIS, C. J., disqualified.