NORTH MIAMI, a municipal corporation, v. SEAWAY CORPORATION, a corporation.

9 So. (2nd) 705                                   En Banc
August 4, 1942          Rehearing Denied October 13, 1942

Redfearn & Ferrell, for petitioner.

S. P. Robineau and Amos Benjamin, for respondent.

CHAPMAN, J.:

This case is before the Court on petition for a common law writ of certiorari seeking an order of this Court quashing a judgment entered by the Circuit Court of Dade County, Florida, reversing on appeal a judgment for the petitioner (defendant in the Civil Court of Record) and in the opinion and judgment of reversal directed the Civil Court of Record of Dade County, Florida, to enter for the plaintiff therein (respondent here) a final judgment. It is asserted that the challenged order is determinative of all the issues and is not only illegal but prejudicial and materially harmful and in the entry thereof the circuit court failed, omitted and neglected to proceed

according to the essential requirements of the law. It is well settled that this Court will not review conflicts and disputes appearing in the testimony on petition for a writ of certiorari. See Blue Belt Fertilizer Co. v. Pullen, 125 Fla. 164, 169 So. 615; Seven Seas, Inc., v. Buckholtz, 121 Fla. 205, 163 So. 567; Robbins Holding Co. v. Morris, 131 Fla. 205, 179 So. 404.

The Seaway Corporation filed its amended declaration in the Civil Court of Record of Dade County against North Miami, a municipal corporation. One count of the amended declaration consisted of a common count for money had and received, while the second count was for money payable by the defendant to the plaintiff for money received by the defendant for the use of the plaintiff and claimed damages in the sum of $4,868.17, with legal interest and court costs. The defendant filed appropriate pleas, when counsel entered into a stipulation as to the facts and the issues submitted to the trial court and a jury waived. There was a judgment for defendant below, and an appeal perfected and heard by the circuit court when the judgment was reversed with directions to enter a judgment for the plaintiff. We are requested to quash the said order of reversal with directions as entered by the circuit court on appeal.

In quo warranto suit brought in the name of the State of Florida on relation of the Attorney General and in a later suit brought by the owners of east side lands to cancel tax certificates issued against their lands by the municipality, established under Section 2935 C.G.L., we held that the statute, *supra,* did not authorize the inclusion of non contiguous lands in a municipality. The sale of tax certificates

and the issuance of tax deeds on said lands were permanently enjoined and the Town of North Miami never acquired de jure or de facto jurisdiction of the lands on the east of the bay. See Mahood v. State, 101 Fla. 1254, 133 So. 90; Leatherman v. Alta Cliff Co., 114 Fla. 305, 153 So. 845. The Supreme Court of the United States held as against the bondholders of the Town of North Miami that the municipality did not acquire de facto or de jure jurisdiction to levy a tax for bond or municipal purposes on the east side lands. See Ocean Beach Heights, Inc. v. Brown-Crummer Investment Co., 302 U.S. 614, 58 Sup. Ct. 385, 82 L. Ed. 478.

The plaintiff below, Seaway Corporation, owned land situated on the east side since 1930 and was engaged in buying and selling real estate. The plaintiff paid the taxes sought to be recovered in this suit to the municipality *after* the Supreme Court of Florida held that the property on the east side was not subject to a levy or within the jurisdiction of the municipality and permanently restrained the Clerk of the Circuit Court of Dade County from selling tax certificates and issuing tax deeds against the land situated on the east side. Counsel for petitioner contends that where a taxpayer voluntarily pays illegal taxes with a knowledge of their illegality that the amount so paid cannot be recovered in a suit at law. Counsel for respondent concedes that a recovery cannot generally be obtained under the circumstances as contended for by counsel for petitioner, but asserts that the suit at bar is brought under a recognized exception to the rule, i.e. the payment of the taxes by plaintiff was made under duress or coercion and

business compulsion and therefore is entitled to a recovery.

Counsel for respondent (plaintiff below) to sustain the established exception to the rule upon which its case is bottomed cite United States v. Butler, 297 U.S. 1, 56 Sup. Ct. 312, 80 L. Ed. 477, which involved an Act of Congress commonly known as the Agricultural Adjustment Act of 1933 and taxes levied and collected under its several provisions. The Great Northern Ry. Co. v. State, 200 Wash. 392, 93 Pac. (2nd) 694, involved payment of taxes on the same tract of land to Lyman and Standley Counties and it was unknown in which county the tract was situated. When the location was legally determined, plaintiff brought suit to recover against the county to which taxes had been paid through an error or mistake of law and the court sustained a recovery. In the case of Ward v. Love County, 253, U.S. 1740 Sup. Ct. 419, 64 L. Ed. 75, a recovery was sustained when the taxes were paid under protest and objection at the time of payment that the assessments were unlawful and to prevent the sale of Indian lands and avoid a penalty of 18%, and under these circumstances it was held that the taxes were involuntarily paid. In New Smyrna Inlet Dist. v. Esch, 103 Fla. 24, 137 So. 1, we held that a tax levied upon property under an invalid Act, so much of the taxes as are involuntarily paid can be recovered. Where the levy of an illegal tax may become a cloud upon the title to real estate, payment of the tax to avoid a cloud on the real estate or to avoid the imposition of substantial burdens upon property rights of the owner is not a voluntary payment. See Seaboard Air Line Ry. Co. v. Allen, 82 Fla. 191, 89 So. 555; St. Johns Electric Co. v. St.

Augustine, 81 Fla. 588, 88 So. 387. The several cases cited have been carefully examined.

The right of a taxpayer to recover taxes paid, where the tax is illegal, is more or less involved and the decisions are in conflict. In general, an action can only be maintained when the following conditions concur: (1) The tax must be illegal and void and not merely irregular; (2) it must have been paid under compulsion or the legal equivalent; (3) it must have been paid over by the collecting officer and have been received to the use of the municipality; (4) the party must not have elected to proceed in any remedy he may have had against the tax assessor or collector. See Cooley on Taxation, Vol. 3 (4th Ed.) pages 2552-5, par. 1276. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the State should furnish him with legal remedies to recover it. Ignorance or mistake of the law by one who voluntarily pays a tax illegally assessed furnishes no ground for a recovery. See Cooley on Taxation, Vol. 3, (4th. Ed.), page 2565, par. 1282.

All payments are presumed to be voluntary until the contrary is made to appear. See Cooley on Taxation, Vol. 3 (4th Ed.), page 2566, par. 1283. A mere protest when payment was not made to save arrest or the seizure or sale of goods are in the submission to process would not relieve the payment of its presumed voluntary character. See Cooley on Taxation Vol. 3 (4th Ed.) page 2570, par. 1284. Payment in advance for the purpose of obtaining a discount is voluntary. Cooley, *supra,* page 2575, par. 1285. Payment to avoid onerous penalties is generally considered

as involuntary and compulsory. Cooley, supra, page 2576, par. 1286. Payment made in pursuance of a bargain or compromise is voluntary. Cooley, supra, page 2578, par. 1291. Payment under a mistake of fact is generally held to be involuntary or compulsory and recoverable. See Cooley, *supra,* page 2582, par. 1295; 61 C.J. 985-993, par. 1263-1272; 26 R.C.L. 454-459, par. 410-415; Prescott v. City of Memphis, 154 Tenn. 462, 285 S.W. 587, 48 A.L.R. 1378, and annotations on pages 1381 *et seq.*; Andrico Realty Corp. v. City of New York, 250 N.Y. 29, 164 N.E. 732, 64 A.L.R. 1, and annotations on pages 9 *et seq.;* Union Bag & Paper Corp. v. State of Washington, 160 Wash. 538, 295 Pac. 748, 74 A.L.R. 1295, and annotations on pages 1301 *et seq.*

In the case of Railroad Company v. Commissioners, 98 U.S. 541, 25 L. Ed. 196, the Railroad Company brought suit to recover taxes paid by the Union Pacific Railroad Company upon certain lands to Dodge County, Nebraska. The Railroad Company, after the taxes became delinquent, presented itself at the county treasurer's office and paid in full everything charged against it, but a general protest was made against the legality of the charges and a notice that suit would be commenced to recover the full amount of taxes paid and suit was filed. The protest was in the most general terms and evidently intended to cover every defect that might thereafter be discovered in the power to tax or the manner of executing the power. The question presented was whether or not there was such an immediate and urgent necessity for the payment of the taxes in controversy as to imply that the payment thereof was made upon compulsion or was involuntary. The court held that

under the circumstances outlined the payment was compulsory in such a sense as to give a right to maintain a suit to recover the taxes paid.

Taxes were paid by the plaintiff for the years 1927 to 1937, inclusive, on July 7, 1937, to the Town of North Miami on described lands under a compromise agreement reached by plaintiff with the town council on March 8, 1937. The clerk of the circuit court was restrained from transferring tax certificates for the issuance of tax deeds against the lands. See Leatherman v. Alta Cliff Co., supra. The Supreme Court of Florida held that the Town of North Miami was not a *de facto* or *de jure* corporation. See Mahood v. State, *supra*. We are unable to observe a burden or unlawful imposition attaching to plaintiff's lands when taxes were paid which plaintiff now seeks to recover. It is our conclusion that the taxes were voluntarily paid within the rules enunciated by Cooley on Taxation, *supra*. It therefore follows that the petition for a common law writ of certiorari should be and is hereby granted and the judgment of the circuit court is quashed.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, JJ., concur.

THOMAS and ADAMS, JJ., dissent.