422 So.2d 342 (1982)
VES CARPENTER CONTRACTORS, INC., et al., Appellants,
v.
CITY OF DANIA, a Municipal Corporation, et al., Appellees.
Nos. 81-499, 81-1089.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Rehearing Denied December 30, 1982.
*343 Constance J. Kaplan, Jesse H. Diner and Jay Cohen of Atkinson, Golden, Bacen & Diner, P.A., Hollywood, for appellants.
Frank C. Adler and Robert B. Dunckel of Adler, Tolar & Adler, Fort Lauderdale, for appellees.
HURLEY, Judge.
Ves Carpenter Contractors, Inc. ("Ves") appeals a judgment which found that Ves had been illegally required to pay water and sewer impact fees but which denied Ves restitution of those fees. We have concluded that the trial court should have ordered restitution of those fees paid within the statute of limitations period and, accordingly, we affirm in part and reverse in part.
From February 1973 through July 13, 1976, the City of Dania ("the city") collected impact fees for sewer and water services. These fees, however, later proved to be illegal because the city commission had not adopted a proper enabling ordinance or resolution.[1]
On July 13, 1976, in an effort to rectify the situation, three of the five members of the city commission voted to enact "Ordinance 99," an emergency ordinance, which authorized the imposition of impact fees. Even though the vote was three to zero, the ordinance was ineffective and subject to attack because an emergency ordinance must pass by a two-thirds vote of a municipality's governing body in order to be valid under Florida law. Section 166.041(3)(b), Florida Statutes (1981).
The appellant Ves, a real estate developer, instituted a class action suit against the *344 city on August 29, 1977, challenging the validity of the impact fees, seeking injunctive relief, and seeking restitution of the fees paid. A lengthy series of pre-trial maneuvers occurred which we need not detail here. Suffice it to say that the city's last pre-trial amended answer asserted laches as an affirmative defense but failed to assert the statute of limitations even though the city's prior answer and amended answers had raised the statute of limitations defense. In addition, Ves was allowed to represent the class of entities that paid fees under the invalid July 13th emergency ordinance, Ordinance 99, but was not allowed to represent the class that paid fees prior to July 13, 1976.
At the conclusion of a bench trial, the court permitted the city to amend its answer in order to assert the statute of limitations which had been omitted after an earlier amendment. The court then found that Ves was barred by the statute of limitations from recovering fees paid prior to August 29, 1973. As to the fees paid after August 29, 1973, the court found that the fees were illegal because they had been collected either without an enabling ordinance (pre-July 13, 1976) or under an illegal ordinance (post-July 13, 1976). The court also found that Ves had paid these fees without passing the cost on to its customers, but concluded that Ves could not recover the fees because it had not overcome the presumption that the fees had been paid voluntarily. As for the class action, the court found that Ves had violated a due process requirement by failing to notify the members of the plaintiff class and, as a result, the court decertified the class. Lastly, by a post-judgment order, Ves was awarded certain trial costs.
In addressing the propriety of the trial court's actions, we start by examining the prerequisites for recoupment of an illegal tax or fee.[2] In North Miami v. Seaway Corp., 151 Fla. 301, 9 So.2d 705 (1942), the Florida Supreme Court established the standards that a taxpayer must meet in order to recover taxes already paid. The taxpayer must demonstrate that (1) the tax was illegal and void, not merely irregular; (2) the tax must have been paid under compulsion or the legal equivalent; (3) the tax must have been paid and received by the municipality, and (4) the party must not have elected to proceed with any other remedy against the tax assessor or collector.[3]
In the present case, Ves satisfied elements (1), (3), and (4). The question on appeal is whether the trial court was correct in concluding that the fees were not paid under compulsion or duress. In this respect we note the Supreme Court's observation in North Miami v. Seaway Corp., supra, at 707, that "[p]ayment [of a tax] to *345 avoid onerous penalties is generally considered as involuntary and compulsory." Applying this concept to the case at bar, we must determine whether the city's refusal to issue building permits unless the sewer and water fees had been paid in full amounted to an onerous penalty so as to render payment involuntary and, thus, recoverable.
Guidance on this point is found in New Smyrna Inlet District v. Esch, 103 Fla. 24, 137 So. 1, rehearing denied, 103 Fla. 24, 138 So. 49 (1931), a case which involved an improperly created special taxing district. The district collected special assessment taxes to construct and maintain an inlet channel. When Esch and others sued to recover the assessment taxes the district asserted that the taxes had been paid voluntarily and were not recoverable. The Supreme Court ruled for the taxpayers and held that, since the taxes had been paid to avoid a cloud on the owner's property, such payments were involuntary.[4] The court reasoned that when a special benefit assessment tax is illegally enacted, and the assessment is collected along with other government taxes, a taxpayer has no choice but to pay. Consequently, the court determined that there was sufficient coercion to enable the taxpayers to recoup the illegally paid taxes.
We too have held that "payment of a tax is deemed involuntary where the penalty exacted for non-payment is so severe that it constitutes coercion and duress." Broward County v. Mattel, 397 So.2d 457, 460 (Fla. 4th DCA 1981). Mattel involved the threat of an injunction plus civil and criminal penalties against a lawyer who initially refused to pay an illegally excessive occupational license tax. We found this to be sufficiently coercive to justify recovery of the monies paid. Our ruling was predicated on the theory that "payment of an illegal tax, even without protest, in order to avoid forfeiture of the right to do business is not a voluntary payment." Ibid.
Applying these principles to the case at bar, we hold that sufficient economic coercion was brought to bear against Ves to require a finding that the fee payments were involuntary. Prior to purchasing the land for the development, Ves had requested and received a statement of the fees which would be required in order to pull building permits, etc. The city failed to include the sewer and water fees on this list. Ves learned of these fees only after it had purchased the property and had made a substantial financial commitment to its development. Because the fees in question were collected along with other legitimate fees which were necessary to obtain building permits, certificates of occupancy, etc., Ves was required to pay all of the fees if it wished to engage in any construction at all. In retrospect, it is clear that Ves paid the impact fees to avoid the imposition of a substantial burden upon its property rights. This amounted to coercion and duress sufficient to justify Ves' recovery of the illegally exacted fees. Accordingly, we reverse the trial court's blanket denial of restitution to Ves.[5]
Next, we consider Ves' contention that the trial court abused its discretion by allowing the city to amend its pleadings *346 after trial to include the statute of limitations affirmative defense. The city, apparently through inadvertence, failed to replead the statute of limitations in its last pre-trial amended answer. Ves, however, has failed to demonstrate that the trial court's action constitutes reversible error. Rule 1.190(e), Fla.R.Civ.P., states that the pleadings may be amended at any time "in furtherance of justice" if the substantial rights of the parties are not affected. Ves has been unable to demonstrate any prejudice as a result of the court's ruling because the city consistently alleged laches as an affirmative defense and, under Section 95.11(6), Florida Statutes (1981), the laches period and the statute of limitations period applicable to this case are identical. Thus, Ves' substantial rights were not affected by the trial court's order permitting the amendment.
The next point on appeal concerns the propriety of the trial court's post-trial decertification of the class. This ruling resulted from the court's finding that Ves had failed to notify the other members of the plaintiff class as required by Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1977). Frankel relied on the United States Supreme Court holding in Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), and held that individual notice must be provided to those members of the class who can be identified through reasonable effort. Although Frankel was decided in January of 1977, eight months before Ves filed its complaint, Ves contends that it did not have to follow Frankel because the existing rules of civil procedure did not provide for a notice requirement. This is patently erroneous. Eisen and Frankel announced a constitutional due process requirement that overrides inconsistent procedural rules. Since the error was incapable of being cured in this case, the trial court had no choice but to decertify the class once it discovered this fundamental procedural defect.
Finally, Ves has appealed the trial court's decision to allow the city to pay its attorneys' fees from the impact fee fund. Ves has also challenged the adequacy of the amount of costs it was permitted to recover. Since both of these decisions were predicated on the court's denial of restitution, they should be revisited on remand.
Accordingly, (1) the judgment is affirmed insofar as it declared the illegality of the fees and denied Ves restitution of fees paid before August 29, 1973, because of the statute of limitations; (2) the judgment is reversed insofar as it denied Ves restitution of fees paid after August 29, 1973, and (3) the cause is remanded for further proceedings consistent with this opinion and in which the trial court should revisit the question of attorney's fees and costs.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Testimony at trial indicated that the city's consulting engineers had presented the city commission with a numerical basis for the impact fees. The commission adopted the fees on February 5, 1973, but failed to do so in the proper manner, i.e., through a valid written ordinance or resolution.
[2] We recognize that there is a distinction between an impact fee and a tax. See Contractors and Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976). However, once the illegality of either is established, the prerequisites for recovery are the same.
[3] North Miami v. Seaway Corp., 151 Fla. 301, 9 So.2d 705, 707 (1942), offered this justification for the above criteria:

Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it. Ignorance or mistake of the law by one who voluntarily pays a tax illegally assessed furnishes no ground for a recovery.
Frankly, we are unpersuaded by this rationale. People pay taxes because of civic obligation and a keen awareness of the potential penalties for violating the tax laws. Thus, we respectfully suggest that it is sophistic to characterize a payment made in error as a voluntary payment. The only justification to retain such a payment should be a showing of severe financial hardship on the part of the governmental entity. Further, to argue that a tax paid pursuant to an illegal or void law is also a voluntary payment, totally lacks persuasiveness. If any presumption should be indulged, it is that the legislative branch of government enacts valid laws. Therefore, when a particular law is invalidated, taxpayers who in good faith have relied upon the law and paid a required tax, should be entitled to an automatic refund. This view, however, is not the law of Florida and, since we are bound to follow the dictates of our Supreme Court, see Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), we have attempted to adhere scrupulously to the criteria set forth in North Miami v. Seaway Corp., supra.
[4] The court's express holding was that "[w]here the levy of an illegal tax may become a cloud upon title to real estate, payment of the tax to avoid the cloud or to avoid the imposition of substantial burdens upon property rights of the owner is not a voluntary payment." 137 So. at 4.
[5] Although appellee has not suggested that the Supreme Court's ruling in Contractors & Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976), should preclude recovery in this case, it is appropriate to note the critical distinction between the two cases. Dunedin involved a municipal ordinance which established and authorized the collection of water and sewer connection charges. On appeal, the Supreme Court held that the ordinance was defective because it failed to include necessary restrictions on the use of the collected monies. Nonetheless, the city was allowed to retain the monies because the defect could be cured by subsequent legislation. The ordinance in the case at bar, however is not merely defective, it is absolutely void. Consequently, it cannot be cured by remedial legislation. See 13 McQuillin, Municipal Corporations § 37.93 (3d ed. 1971).