RYDER, Judge.
Appellants challenge the final summary judgment awarding taxpayers refunds of local taxes levied under an invalidated ordinance. We reverse.
This is the third time this court has reviewed the proceedings in the circuit court regarding Collier County’s ordinance no. 90-43. See Freni v. Collier County, 573 So.2d 1054 (Fla. 2d DCA 1991) (Freni I); Freni v. Collier County, 588 So.2d 291 (Fla. 2d DCA 1991) (Freni II). The ordinance permitted a local tourist development tax authorized by the Local Option Tourist Development Act (the Act), section 125.0104, Florida Statutes (1987). The circuit court initially upheld the ordinance despite the absence of a plan for tourist development as required by section 125.0104(4), Florida Statutes (1987). This court held that the submission of a plan was a necessary condition precedent to the levy of the tax and reversed the circuit court. See Freni II.
Before Freni II issued and before the county began collecting the tax, various hotel operators filed a declaratory relief action seeking to bar the operation of the ordinance. After the issuance of Freni II, the taxpayers sued for refunds oí the taxes collected prior to that decision. The circuit court consolidated the hotel operators’ and taxpayers’ cases.
While the consolidated cases proceeded in the circuit court, the legislature passed a curative act. See § 125.0104, Fla.Stat. (1992 Supp.). The 1992 amendment ratified previously imposed taxes which were subject to invalidation for failure to follow certain requirements, including the requirement that the tourist development council submit a plan for tourist development. Subsequent to the amendment, a majority of the voters in the referendum held in Collier County approved another tourist tax. The tax was levied in accordance with the Act as amended. The circuit court, nevertheless, awarded the taxpayers refunds.
We find United States v. Heinszen, 206 U.S. 870, 27 S.Ct. 742, 51 L.Ed. 1098 (1907), controlling. Where the authority exists in the first instance to confer the taxing power, the tax thereafter imposed is not void. See Heinszen. If the tax is not void, then the legislature may ratify the tax. See He-inszen.
The legislature had the authority in the first instance to confer on counties the power to impose and collect a tourist tax. Given the initial valid exercise of the legislature’s authority, the tax as initially imposed was not void, as was the tax in New Smyrna Inlet Dist. v. Esch, 103 Fla. 24, 137 So. 1, reh’g denied, 103 Fla. 24, 138 So. 49 (1931). Although the tourist tax was subject to invalidation for want of following the procedural requirements of the Act, the legislature acted within its capacity in ratifying the tax by providing a means to correct the procedural defect of the absence of a plan for tourist development.
*147 Accordingly, we reverse the circuit court’s order awarding refunds to the taxpayers and remand the ease for further proceedings consistent with this opinion.
Reversed and remanded.
FRANK, C.J., and BLUE, J., concur.