# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0464
Lower Tribunal Nos. 19-AP-007-K, CE18090032

_____

**Nicholas Sheckler,**
Petitioner,

vs.

**Monroe County, Florida,**
Respondent.


A Writ of Certiorari to the Circuit Court for Monroe County, Appellate Division, Timothy J. Koenig, Judge.

Andrew M. Tobin, P.A., and Andrew M. Tobin, for petitioner.

Peter H. Morris, Assistant  Monroe County Attorney, for respondent.


Before LINDSEY, HENDON and BOKOR, JJ.

BOKOR, J.

Petitioner, Nicholas Sheckler, seeks second-tier certiorari relief from the circuit court appellate division's January 8, 2021 order. Because this court determines that the lower court's January 8, 2021 order did not apply the correct law and essentially denied Sheckler his day in court to argue the merits of this claim, we grant the petition.

In February 2018 Sheckler purchased a Hurricane Irma-damaged property in Big Pine Key, Florida. After an inspection by the county, the Big Pine Key property was declared unsafe and Sheckler was ordered to demolish the structure or seek permits to bring the structure up to code. Sheckler both applied for a building permit and submitted sealed building plans seeking approval to repair the property. While Sheckler's permit application was still pending, the Monroe County Code Enforcement Department notified Sheckler of five code violations. The notice set a hearing before a code compliance special magistrate. Neither Sheckler nor his attorney appeared. On June 27, 2019, the special magistrate entered a final order which: (1) assessed a $100.00 fine for each violation; (2) required compliance on or before August 26, 2019; and (3) provided for further fines if compliance was not achieved by that date. The next day, the final order was recorded as a lien. On August 29, 2019, Sheckler's building permit for the Big Pine Key property issued.

Some eight months later, Monroe County Code Compliance advised Sheckler by letter of the lien on the Big Pine Key property and that, because the violations had not been cured, the daily fines, accrued for 247 days, totaled $123,500.00, and continued to increase every day they were not paid. On February 18, 2020, Sheckler appealed the special magistrate's final order before the circuit court sitting in its appellate capacity. Sheckler's appeal argued, *inter alia*, that the final order was unconstitutional and violated due process. [1]

On the morning of November 4, 2020, notwithstanding the pendency of the appeal before the circuit court, Sheckler paid all outstanding fines. Later that day, the circuit court rendered a decision on Sheckler's appeal reversing the portion of the June 27, 2019 final order which imposed the fines and the lien based on those fines. The circuit court agreed with Sheckler and found that the procedure employed by the special magistrate "bypassed the statutory requirements of Fla. Stat. § 162.09" and violated the procedure

---

[1] Specifically, Sheckler argued that the special magistrate's final order violated due process because: (1) it was recorded as a lien on Sheckler's property without a compliance hearing; (2) it failed to notify Sheckler as to what was required to comply; (3) the fine was not authorized by law or was otherwise excessive; and (4) the multiple fines were unconstitutional as they resulted from essentially one violation.

3

to impose fines established by statute and confirmed by <u>Massey v. Charlotte County</u>, 842 So. 2d 142, 144 (Fla. 2d DCA 2003).

However, on December 4, 2020, Monroe County filed an amended motion for rehearing arguing that Sheckler's voluntary payment in full of the fine, prior to the court's determination, mooted Sheckler's appeal. The circuit court agreed, determining that Sheckler's payment of the lien rendered the due process challenge moot. Thus, in an opinion dated January 8, 2021, the circuit court vacated the November 4, 2020 opinion in favor of Sheckler and dismissed Sheckler's appeal as moot. Sheckler now seeks second-tier certiorari review of the circuit court's January 8, 2021 opinion, arguing that the court applied the incorrect law, resulting in a denial of due process.

On second-tier certiorari review, this court's inquiry is "limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." <u>Haines City Cmty. Dev. v. Heggs</u>, 658 So. 2d 523, 530 (Fla. 1995). Here, the circuit court, relying on <u>Montgomery v. Department of Health & Rehabilitative Services</u>, vacated its November 2020 opinion based on a finding that Sheckler's payment of the lien, in full, rendered his constitutional due process challenge moot. 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985) (explaining that "[a] case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the

4

appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief"). However, as explained below, the trial court applied the incorrect legal principle, which resulted in a denial of due process.

As Sheckler correctly notes, the law clearly establishes that the involuntary nature of his payment precludes a finding of mootness.[2] "Payment to avoid onerous penalties is generally considered [to be] involuntary or compulsory." Clements v. Roberts, 10 So. 2d 425, 427 (Fla. 1942); see also North Miami v. Seaway Corp., 9 So. 2d 705, 706 (Fla. 1942) (holding that payment of an illegal tax "to avoid a cloud on the real estate or to avoid the imposition of substantial burdens upon property rights of the owner is not a voluntary payment"); see also Broward County v. Mattel, 397 So. 2d 457, 460 (Fla. 4th DCA 1981) (holding that "payment of a tax is deemed involuntary where the penalty exacted for nonpayment is so severe that it constitutes coercion and duress").

Because of the coercive effect of a lien on the property, and the availability of relief in the form of a refund, unlike in Montgomery, Sheckler's

---

[2] "Clearly established law" includes "recent controlling case law, rules of court, statues, and constitutional law." City of Coral Gables Code Enf't Bd. v. Tien, 967 So. 2d 963, 965 (Fla. 3d DCA 2007) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003)).

certiorari challenge presents a live case and controversy. Involuntary or compulsory payments are recoverable. Clements, 10 So. 2d at 427; see also Bill Stroop Roofing, Inc. v. Metro. Dade Cnty., 788 So. 2d 365, 368 (Fla. 3d DCA 2001) (concluding that "our governments are required to refund taxes and fees illegally exacted").[3] A payment made to avoid the imposition of a substantial burden on his property rights amounts to coercion and duress sufficient to justify recovery of the illegally exacted fees. See Ves Carpenter Contractors, Inc., 422 So. 2d at 345; see also New Smyrna Inlet Dist. v. Esch, 137 So. 1, 4 (Fla. 1931) (explaining that "[w]here the levy of an illegal tax may become a cloud upon title to real estate, payment of the tax to avoid the cloud or to avoid the imposition of substantial burdens upon property rights of the owner is not a voluntary payment"); North Miami, 9 So. 2d at 706 (same).

Therefore, the finding of mootness by the circuit court both fails to apply the correct law and amounts to a violation of due process because the circuit court dismissed Sheckler's appeal and did not consider his arguments

---

[3] For purposes of our analysis here, we treat the imposition of an illegal fee the same as an illegal tax. See Bill Stroop Roofing, Inc., 788 So. 2d at 367 (explaining that "once the illegality of either [a tax or a fee] is established, the prerequisites for recovery are the same") (citing Ves Carpenter Contractors, Inc. v. City of Dania, 422 So. 2d 342 n.2 (Fla. 4th DCA 1982)).

6

on the merits.  <u>See</u> <u>Heggs</u>, 658 So. 2d at 531 (citing approvingly to the district court's analysis that second-tier certiorari review is appropriate where the appellate court's decision is "so erroneous that justice requires that it be corrected").  Accordingly, we grant the petition for certiorari, quash the January 8, 2021 opinion of the circuit court, and remand for proceedings consistent with this opinion.

Petition granted.