STETSON O. SPROUL, Tax Collector, Palm Beach County, v. THE ARUNDEL CORPORATION.

191 So. 26
Division B
ON PETITION FOR REHEARING
Opinion Filed September 15, 1939

*Harry A. Johnston* and *Sidney J. Catts,* for Petitioner;

*Loftin, Calkins & Anderson* and *Arthur H. Shoupe,* for Respondent.

CHAPMAN, J.—In the first opinion in the case at bar, reported in 136 Fla. 167, 186 So. 679, the Court considered the several questions presented by the transcript and ruled on or decided the same. The record, as pointed out in the first opinion, presented a sharp conflict in the testimony of the respective parties as to the value of the property assessed for taxation by the Tax Assessor of Palm Beach County. This Court, in its effort to do substantial justice as between the parties, being of the opinion that an amended bill of complaint should be filed and an issue made up and tendered as to the value of the property assessed for taxation now involved in this litigation and that evidence be taken thereon and findings of fact be made by the chancellor and a decree entered determining this issue.

While some ambiguity may appear in the first opinion as would justify counsel in reaching the conclusion that questions other than the proper assessable value of the property could be presented and determined by the amended bill of complaint, yet when the case reached this Court for the second time on petition for writ of certiorari, it was the

intention of the Court in its opinion thereon to remove all ambiguity appearing in the original opinion and to define clearly and with accuracy the issue to be considered in the lower court under the amended bill.

Counsel for petitioner, after a careful study of the record in the two appeals, express a doubt as to the meaning of the opinion of the Court and suggest a clarification on the questions, viz.: (a) the tax collector of Palm Beach County cannot constitutionally assess property for taxation that has no tax situs in Florida; (b) the petitioner's property cannot constitutionally be assessed for taxes in Palm Beach County when the identical property so assessed in Martin County and after the assessment was made in Martin County the same was paid by the petitioner to Martin County; (c) that the petitioner cannot constitutionally be required to pay taxes to Palm Beach County, Florida, on property not owned by it.

The Court considered the questions, *supra,* as well as the requirements or provisions of Section 1038 C. G. L., and reached the conclusion that all the essential questions involved in the suit at bar had been fully settled, except the sole question as to the value of the proper assessment for taxation.

The petition for rehearing is denied.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.