**RAY CLEMENTS, as Tax Collector of Polk County, Florida, et al., v. DR. T. H. ROBERTS.**

10 So. (2nd) 425                                         Division B
November 3, 1942              Rehearing Denied December 1, 1942

Carver & Langston, for Petitioner D. H. Sloan, Jr., as Clerk of the Circuit Court of Polk County; J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, for Petitioner J. M. Lee, as Comptroller of the State of Florida; petitioners.

John S. Edwards, for respondent.

CHAPMAN, J.:

This case is before the court on petition for an interlocutory writ of certiorari for the purpose of quashing two orders entered by the Circuit Court of Polk County, Florida, dated April 23, 1942, overruling and denying (a) a motion to strike designated portions of the amended bill of complaint and (b) motion to dismiss filed by the defendants below. Four questions are posed for a decision of this Court by counsel for petitioners, while counsel for respondent poses a single question and suggests amendments or modification of the questions posed by counsel for petitioners.

Counsel for petitioners contend that the following language appearing in the amended bill of complaint should be deleted or expunged, viz:

"That because this plaintiff desired to make sale of certain timbers on a portion of said described land, he did, under protest pay the 1939 taxes to Paul Henderson, then Tax Collector of Polk County, Florida, on 1300 acres of the said described property and received a receipt therefor; that the taxes which he paid on this 1300 acres, was one-fourth ($\frac{1}{4}$) of the taxes claimed by the said Tax Collector from this plaintiff but that, had the said property been assessed at a fair and reasonable valuation, of 25 per cent of its true valuation, as all other real estate in the County, other than wild, cut over lands, the amount paid by this plaintiff would have paid all the taxes due on the whole 5200 acres and that your petitioner is entitled to have the said amount so paid, applied on the whole tract and have the said property free from the payment if any further taxes for the year 1939; that the said Paul Henderson, then Tax Collector of Polk County, Florida, sold the remaining three-fourths of this plaintiff's property, for taxes claimed against the said property and issued certificates against said property for State and County taxes, which certificates are now in the hands of D. H. Sloan, Jr., Clerk of the Circuit Court of Polk County, Florida, under the direction and control of James M. Lee, State Comptroller of the State of Florida, but that your petitioner is entitled to have said certificates surrendered up and cancelled, because the taxes so levied against the said property were and are illegal and void and because this plaintiff has paid for the 1939 taxes, an equitable and just amount, for all the 5200 acres of said property. . . .

"That the said John B. White confessed that the said levy for the years 1939 and 1940 was arbitrary

and not in accordance with the assessments of other property in the County and admitted that the said property was assessed on its full cash value, or four times more than other real estate in said County and consented to a reduction of the said valuation and the said Ray Clements, Tax Collector of said County, consented thereto and this plaintiff has paid the taxes for the year 1940 upon the reduced and proper valuation."

It is here contended that the challenged portions, *supra*, of the amended bill are irrelevant, immaterial, contrary to law, and tend to submit issues that are vague, indefinite, uncertain, and which can in no manner influence the issues in controversy.

Sections 22 and 23 of the Chancery Act (Chapter 14658, Acts of 1931, Laws of Florida) authorized chancery courts to make orders or decisions based on motions, or upon their own initiative, striking from pleadings in suits pending before them matters not relevant, pertinent or necessary for a decision of the controversy, but the pendency of a motion to strike does not stay the progress of the cause unless so ordered by the chancellor. See Section 24 of the Chancery Act, *supra*.

The challenged allegations *supra* of the amended bill to the effect that payment under protest of the 1939 taxes on 1300 acres of the 5200 acres for the reason that the valuation on the 1300 acres is excessive and the court should hear evidence and decree the amount of the alleged excessive valuation so paid on the 1939 tax certificates; that the excess amount thereof be applied by the terms of an appropriate decree on taxes now due and unpaid on the remaining 3900 acres of the original 5200 when the correct

valuation thereon is fixed by a court decree. It is asserted that payment of the 1939 tax certificates was made under protest and was involuntary. We can not agree to this contention. It is admitted that the tax certificates were paid on the 1300 acres so that the timber situated on the land could be sold. The allegations of the amended bill, *supra,* are legally insufficient to support a decree for the recovery of the amount of the 1939 tax certificates voluntarily paid. See Seaboard Air Line R. Co. v. Allen, 82 Fla. 191, 89 So. 555; St. Johns Electric Co. v. St. Augustine, 81 Fla. 588, 88 So. 387.

The right of a taxpayer to recover taxes previously paid was considered by this Court in the recent case of North Miami v. Seaway Corporation, 151 Fla. 301, 9 So. (2nd) 705, opinion filed August 4, 1942. We in part said:

"The right of a taxpayer to recover taxes paid, where the tax is illegal, is more or less involved and the decisions are in conflict. In general, an action can only be maintained when the following conditions concur: (1) The tax must be illegal and void and not merely irregular; (2) it must have been paid under compulsion or the legal equivalent; (3) it must have been paid over by the collecting officer and have been received to the use of the municipality; (4) the party must not have elected to proceed in any remedy he may have had against the tax assessor or collector. Cooley on Taxation, Vol. 3 (4th Ed.) pages 2552-5, par: 1276. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the State should furnish him with legal remedies

to recover it. Ignorance or mistake of the law by one who voluntarily pays a tax illegally assessed furnishes no ground for a recovery. See Cooley on Taxation, Vol. 3 (4th Ed.) page 2565, par. 1282.

All payments are presumed to be voluntary until the contrary is made to appear. See Cooley on Taxation, Vol. 3 (4th Ed.) page 2566, par. 1283. A mere protest when payment was not made to save arrest or the seizure or sale of goods or in the submission to process would not relieve the payment of its presumed voluntary character. See Cooley on Taxation, Vol. 3 (4th Ed.) page 2570, par. 1284. Payment in advance for the purpose of obtaining a discount is voluntary. Cooley *supra,* page 2575, par. 1285. Payment to avoid onerous penalties is generally considered as involuntary and compulsory. Cooley on Taxation, *supra,* page 2576, par. 1286. Payment made in pursuance of a bargain or compromise is voluntary. Cooley, *supra,* page 2578, par. 1291. Payment under a mistake of fact is generally held to be involuntary or compulsory and recoverable. See Cooley, *supra,* page 2582, par. 1295; 61 C. J., par. 985-993, par. 1263-1272; 26 R.C.L. 454-459, par. 410-415; Prescott v. City of Memphis, 154 Tenn. 462, 285 S. W. 587, 48 A. L. R. 1378, and annotations on pages 1381 *et seq;* Andrico Realty Corp. v. City of New York, 250 N.Y. 29, 164 N.E. 732, 64 A.L.R. 1, and annotations on pages 9 *et seq.;* Union Bag & Paper Corp. v. State of Washington, 160 Wash. 538, 295 Pac. 748, 74 A.L.R. 1295, and annotations on pages 1301 *et seq.*"

The admissions and confessions of the former Tax Assessor here challenged to the effect that the assessments on respondent's land for the years 1939 and 1940 were arbitrary and excessive in amount when

compared with other assessable property of the County can or may be considered by the chancellor when the issues are submitted to him on the merits for an order or decree. The former Tax Assessor can or may be adduced and cross examined as a witness like any other. The better rule to follow would be to place appropriate allegations in the amended bill that will be supported by the alleged confessions and admissions rather than make the same allegations thereof.

The State Comptroller and the Clerk of the Circuit Court of Polk County, Florida, each filed motions to dismiss the amended bill of complaint on numerous grounds. A ground of each motion is to the effect "that the amended bill fails to set up facts showing that the plaintiff is entitled to any relief in a court of equity." The allegations of a bill of complaint well pleaded are admitted to be true when considering a motion to dismiss for the want of equity. See Miller v. Security Peoples Trust Co., 142 Fla. 434, 195 So. 191, 129 A.L.R. 500; Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865. A motion to dismiss for the want of equity must be denied if the bill of complaint states any ground for equitable relief.

See Yates v. St. Johns Beach Development Co., 118 Fla. 788, 160 So. 197; Mills Development Corp. v. Shipp & Head, Inc., 126 Fla. 490, 171 So. 533.

This Court had before it the sufficiency of the allegations of a bill of complaint seeking the same relief as is sought in the case at bar when in the case of West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147 (text 1161-62), 132 So. 842, we said:

". . . Therefore, when as expressly alleged, the assessor arbitrarily assessed the property of complainant in an amount flagrantly in excess of its cash

value, the effect is to allege that he committed an unlawful act, and one that apparently worked a discrimination against complainant to the extent of such alleged excess. The principle of law involved is similar to that enunciated in Camp Phosphate Co. v. Allen, *supra* (77 Fla. 341, 81 So. 503), where it was held that 'Where there is an intentional, arbitrary and systematic undervaluation by tax officials of some of the taxable property in the same class with other property, it contravenes the constitutional rights of one whose property is intentionally and arbitrarily overvalued.' See also City of Bradenton v. Seaboard Air Line Ry. Co., 130 So. 21. It will have been noted that the bill does not expressly alleged that the overvaluation was intentional, though it does allege that the valuation was arbitrarily fixed by the tax assessor without viewing the property and without any evidence upon which he could arrive at a fair and just estimate of its value. In City of Tampa v. Palmer, *supra* (89 Fla. 514, 105 So. 115), it was held that mere inadvertence, or a bona fide mistake of judgment in fixing a valuation for taxation does not in itself amount in law to a fraud, and that relief will not be granted by courts of equity solely upon the ground that the valuation is excessive 'unless such valuation is so obviously and flagrantly excessive as to amount in law to a fraud and clearly imputes to the tax assessor an intention to arbitrarily discriminate against the complaining tax payer.' Tested by the rule thus laid down, we cannot say that the allegations of the bill as to the overvaluation of complainant's property for the years 1928 and 1929 are insufficient. These allegations show that the assess-

ments were for amounts about twice the amounts of the actual cash values."

Similar cases to the one at bar have recently been before this Court. See Arundel Corp. v. Sproul, 136 Fla. 167, 186 So. 679, 140 Fla. 50, 191 So. 26; Adams v. Fielding, 148 Fla. 552, 4 So. (2nd) 678; City of Fort Myers v. Heitman, 203 Fla. 149, 5 So. (2nd) 410.

The petition for writ of certiorari directed to the order denying the motion to strike described portions of the amended bill of complaint is hereby granted and that portion of the order is quashed, but the petition is denied as to that part of the order overruling the motions of the defendants below to dismiss the amended bill of complaint.

It is so ordered.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.