CHARLES CARROLL, Chief Judge.
The appellant, for himself and all others similarly situated, filed a complaint against the City of Miami Beach, seeking a decree invalidating ordinance No. 1619 of the City of Miami Beach, refunding amounts collected thereunder, granting an injunction against further collections, and awarding attorney fees.
Upon trial of the case on issue joined, the trial court held that the excise tax of the City of Miami Beach provided for under ordinance No. 1619 represented a duplication interdicted by Chapter 212 Fla.Stat., F.S.A., and therefore was invalid. The plaintiff Fried was awarded the recovery of one dollar. The prayers for a permanent injunction and for attorney fees were denied. The plaintiff appealed.
In his opinion the trial judge noted that subsequent to the filing of this suit an enabling act for such an excise tax by the City of Miami Beach had been passed (Ch. 67-930). The trial judge took the position, and correctly so, that the subsequent Act did not aid the prior ordinance but was a sufficient basis for denial of the plaintiff’s request for permanent injunction against the levy of such an excise tax.
On consideration of the record and briefs we observe no reason to disturb the holdings of the trial judge challenged by the appellant Fried, being those with reference to the attempt to bring the action as a class suit, and to the denial of the prayer for attorney’s fees, for the allowance of which no lawful basis was disclosed.
The separate (consolidated) appeal of the City of Miami Beach challenged the holding that ordinance No. 1619 was invalid. In a written opinion of the court referred to and made a part of the judgment, it was said:
“That Ordinance 1619 of the City of Miami Beach was invalid at the time the Defendant City collected the subject tax from the Plaintiff. In spite of the so-called Home Rule provisions of the Constitution of the State of Florida, municipalities in Dade County are not completely immune and independent from the provisions of General law in the *310 State of Florida and from the legislative power which rests in the State Legislature. Seminole Rock Products, Inc. v. Town of Medley [Fla.], 180 So.2d 457. Not only was Ordinance 1619 not authorized by General Statutes at the time Plaintiff paid the questioned tax, but said Ordinance was in direct conflict with Section 212.081(3). [Fla.Stat., F.S.A.]”
In so holding the trial judge was eminently correct.
Affirmed.