PER CURIAM.
The City of Miami Beach is the appellant. Appellee Harold Sterin was the plaintiff in an action brought in the circuit court to declare invalid a resort tax passed by the city. Appellee Montmartre, Inc., operates a hotel in the city. It was a defendant but later filed an answer in the nature of an interpleader and was allowed to deposit in the registry of the court money collected under the tax.
In Fried v. City of Miami Beach, Fla. App.1968, 212 So.2d 308, we dealt with an action similar to the one before us. Final judgment in Fried was entered prior to the entry of final judgment in this cause. Our opinion on that appeal settles most of the points the city raises here. The point not presented upon the prior appeal urges that the trial judge erred when he found that the excise tax was involuntarily paid by Sterin. This finding is important because it is an essential element of his case for recovery of the money paid under the allegedly illegal tax.
 The facts applicable to this point are that Sterin was shown to have been a guest at the Montmartre Hotel and that the tax was added to his bill. He paid the bill, which was for food, beverages, and lodgings. The trial judge recognized that for Sterin to recover the money paid under an invalid tax he must prove the money was paid involuntarily. City of Orlando v. Gill, 128 Fla. 139, 174 So. 224 (1937). The court found that in the case of taxes for food, beverages, and lodgings where the taxpayer had no choice but to pay the tax or be refused the purchases, it would be presumed as a matter of law that the tax was paid involuntarily.[1] Such a presumption is contrary to the established law. In North Miami v. Seaway Corporation, 151 Fla. 301, 9 So.2d 705 (1942), the Supreme Court of Florida, citing 3 Cooley on Taxation (I 1283 (4th ed.), expressly pointed out that all tax payments are presumed to be voluntary until the contrary is made to appear. This rule was reiterated in Clements v. Roberts, 151 Fla. 669, 10 So.2d 425 (1942). See also Annot, 64 A.L.R. 9, 64 (1929).
The record is barren of any suggestion of involuntary payment or protest by Sterin. Therefore the trial court erroneously found that he was entitled to a judgment for the money paid to the Mont-martre Hotel and later deposited in the registry of the court.
Sterin has filed cross assignments of error directed to the court’s failure to *360 award him attorneys’ fees in this cause. To be eligible for such fees Sterin would have to demonstrate that he represented a class of persons and that because the issues of his claim were common to the claims of the members of the class, the establishment of his claim also established the claim of the members of the class to a common fund. See Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942). The trial judge found that Sterin did not represent a class because his action did not meet the requirements of the Tenney case, above. Therefore, Sterin was not entitled to attorneys’ fees. City of Ormond Beach v. Cook, Fla.1955, 81 So.2d 481. But of course our holding that Sterin failed to prove the payments he sought to recover were involuntary renders moot the point raised upon the cross-appeal.
We therefore reverse that portion of the judgment which finds Sterin is entitled to relief and affirm all other portions thereof.
Affirmed in part and reversed in part.

. * * * * *
“3. Defendant City has contended that Plaintiff is not entitled to a refund of his tax because he failed to prove that he paid the tax involuntarily. It is true that ordinarily there can be no refund of a tax, illegally collected as it might he, unless said tax has been paid involuntarily as set forth in cases cited by the Defendant City. However, the Court notes that none of the cases cited are similar to the case at bar. In this case it is apparent that all of the taxes were paid for food, beverages and lodgings; in ef-feet, the necessities of life. Plaintiff had no choice but to pay the tax or be refused the purchases. He paid the tax and shortly thereafter filed his suit. Under these circumstances this Court is of the opinion that it would be inequitable to rule that such a tax was paid voluntarily just because no protest or refusal to pay was made by the taxpayer. Accordingly, it is the ruling of the Court that Plaintiff paid his tax involuntarily, and is entitled to a refund.” Opinion of trial judge.