J. M. LEE, Comptroller, W V. KNOTT, State Treasurer, and W. KENNETH COLLINS, Tax Collector, Leon County, v. R. L. GADDY, *et al.*

183 So. 4.
Opinion Filed August 1, 1938.

*George Couper Gibbs,* Attorney General, *W. P. Allen,* Assistant Attorney General, and *H. O. Pemberton,* for Appellants;

*Robert H. Givens, Jr.,* and *Ray Selden,* for Appellees.

Buford, J.—In this case W. Kenneth Collins as Tax Collector of Leon County demanded of each pharmacist practicing pharmacy in Leon County the payment of an occupational license tax under the provisions of Section 10 of Chapter 18011, Laws of Florida, Acts of 1937, which reads as follows:

"Section 10. Every person engaged in the practice of any profession, whether or not such profession be regulated by law, shall pay a license tax of $10.00 for the privilege of practicing, which license tax shall not relieve the person paying same from the payment of any license tax imposed on any business operated by him."

The pharmacists brought suit to enjoin the collection of the tax claimed.

After notice and hearing, the Honorable J. B. Johnson, Circuit Judge in and for the Second Judicial Circuit of Florida, entered temporary restraining order and from that order appeal was taken.

The question for our determination is whether or not by the provisions of the Act, *supra,* it was the intent of the Legislature to levy a license tax of $10.00 upon each and every person who engaged in work involving proficiency in a profession or intended to lay the tax only against those persons who rendered service in the practice of a profession for fees or compensation to be paid by the persons or on behalf of the persons for whom the service is rendered. There can be no serious question that in performing the service of a pharmacist one engages in a profession. The profession of the pharmacist is regulated under the provision of Chapter 24 C. G. L., Sections 2211 to 2218 R. G. S., 3522 to 3533 C. G. L.

This Court had the Act regulating the practice of pharmacy under consideration in the case of *Ex Parte* Sarros,

116 Fla. 86, 156 Sou. 396, and in the opinion in that case we said:

"The title of the Act directs the attention of the observer to regulations governing those who practice the profession of pharmacy and to the prohibition of the use of certain signs in connection with the practice of such profession."

The opinion in the case of United States v. Laws, 163 U. S. 252, 16 Sup. Ct. 998, 41 Law Ed. 151, where the Court held that a German chemist who came to the United States under a contract with a Louisiana sugar refiner was engaged in the practice of a profession, although the public was not charged for his services and despite the fact that his services were given entirely to one employer for a fixed salary and were confined to a somewhat limited scope of his profession, is persuasive, but we do not hold that the enunciations of that opinion are controlling here.

In Chapter 14491, Acts of 1929, the Legislature defined "profession" as follows:

"PROFESSIONS.—Each and every practitioner of law, medicine, osteopathy, chiropractic, pediatry, chiropodist, dentistry, optician, optometrist, masseur, embalmer, civil, mechanical, hydraulic or electrical engineer or architect and every other practitioner of any profession the members of which charge for, their services as such and the validity of whose right to practice shall depend upon their having been duly licensed so to do under the laws of Florida shall pay a State license tax of Ten ($10.00) Dollars."

It will be noted that the provisions of that Act brought within its purview every "practitioner of any profession, the members of which charge for their services as such, and the validity of whose right to practice shall depend upon their having been duly licensed so to do under the laws of Florida." The words "the members of which

charge for their services as such" definitely limited the scope of the word "profession" and in that Act the scope of the word "profession" was also limited to those "whose right to practice shall depend upon their having been duly· licensed so to do under the laws of Florida."

It is apparent that the 1937 Act, *supra,* was intended to eliminate the latter limitation, but did not change the first limitation. If it was the intent of the Legislature to place the license tax upon those engaged in all professions without limitation, then the Act will include every school teacher, journalist, minister of the Gospel, and probably a great horde of politicians, as well as dancers, musicians, ball players and other entertainers. A literal interpration of Section 10 of Chapter 18011, *supra,* would lead to that conclusion.

We held in the case of State v. Sullivan, 95 Fla. 191, 116 Sou. 255:

"In statutory construction, legislative intent is the pole star by which we must be guided and this intent must be given effect even though it may appear to contradict the strict letter of the statute and well settled canons of construction. The primary purpose designated should determine the force and effect of the words used in the Act and no literal interpretation should be given that leads to an unreasonable or ridiculous conclusion or a purpose not designated by the law-makers."

And there we cited a number of Florida cases supporting the enunciation. See also Haworth v. Chapman, 113 Fla. 591, 152 Sou. 663.

Section 2212 R. G. S., 3523 C. G. L., provides in part:

"The Board of Pharmacy of the State of Florida shall at stated times to be fixed by them being at least twice in each year, and at such time and place and in such manner

as they may determine, by a schedule of questions to be answered in writing and orally, examine under such rules and regulations as such board may prescribe every person who shall desire to conduct the business of selling at retail, compounding or dispensing drugs, medicines or chemicals for medicinal use, or compounding or dispensing physicians' prescriptions as a pharmacist, and who shall have previously paid the required fee and who shall meet such requirements as to moral character, age and education as the board may from time to time prescribe; and if a majority of said board shall be satisfied that said person is competent and fully qualified to conduct said business of compounding or dispensing drugs, medicines, and chemicals for medicinal use, and to compound and dispense physicians' prescriptions, they shall enter the name of such person as a registered pharmacist of this State, in a book to be kept for that purpose."

It will be noted that this statute makes no reference to the *"profession"* of the pharmacist, but refers to the "business of compounding or dispensing drugs, medicines and chemicals for medicinal use and to compound and dispense physicians' prescriptions."

It is a cardinal rule that statutes conferring authority to impose taxes must be construed strictly in favor of the taxpayer and against the grantee of the power. See A. C. L. Ry. Co. v. Amos, 94 Fla. 588, 115 Sou. 315.

While holding that pharmacy is a profession, we think that the bill of complaint in this case shows that the pharmacists who were the complainants are not practicing the profession of pharmacy within the purview of the statute, but they are engaged in the business of preparing and dispensing drugs under physicians' prescriptions, and otherwise, as an incident to the retail drug business in which they are engaged, and that the Legislature did not intend

to impose a license tax upon those so engaged, nor upon school teachers, journalists, ministers of the Gospel, musicians, ball players or other professional entertainers, against whom no license tax has ever been heretofore levied in this State.

For the reasons stated, the order appealed from is affirmed.

So ordered.

Affirmed.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to the conclusion.

BROWN, J. (concurring).—My thought is that the Legislature, in imposing a tax on every person engaged in the practice of a "profession," intended it to apply only to those persons who profess to have special knowledge in a given field and who serve the public and charge members of the public direct for their expert services, each thereby conducting their respective professions as a definite business enterprise in and of itself. If given the broad meaning contended for by the appellants, the word "profession" would, as pointed out by Mr. Justice BUFORD, embrace ministers of the gospel, school teachers, and many others upon whom the Legislature has never heretofore imposed a license tax. Such could not have been the legislative intent.