WRAY'S PHARMACY, INC., *et al.*, Appellants, v. J. M. LEE, Individually and as State Comptroller, Appellee.

199 So. 767

En Banc

Opinion Filed January 7, 1941

Rehearing Denied January 29, 1941

*Robert T. Dewell* and *Maxwell & Cobbey,* for Appellants;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Keen & Allen,* for Appellee.

PER CURIAM.—Plaintiffs, who are appellants herein, are a number of druggists and registered pharmacists, and owners and operators of drug stores who are doing business in this State. They filed their bill of complaint against the defendant, J. M. Lee, as Comptroller, in which they alleged they were engaged in the practice of compounding medicines from the prescriptions of doctors, and likewise that they dispensed other drugs and pharmaceuticals, not upon prescription, and not requiring professional skill and knowledge.

The bill further avers that plaintiffs operate the practice of their profession as a distinct and separate business, unconnected with the sale of general merchandise in other departments of their drug stores; that separate records of the gross receipts accruing from the sale of prescriptions are kept; that the total cost of the ingredients used in compounding a prescription varies from 25 to 50 per cent of the total cost thereof and that the balance of the charge is for plaintiffs' professional services.

Plaintiffs' contention is that the sale of prescriptions in the manner alleged is not a retail sale of "tangible personal property" within the definition set forth in Section 2, Chapter 16848, Acts of 1935, but that such is a sale of professional services and not subject to the provisions of the gross receipts tax.

The defendant moved to dismiss the bill of complaint which the lower court granted, and a final decree was entered

denying plaintiffs' motion for an interlocutory injunction. From this decree, the plaintiffs appeal.

Appellants, in support of their contention, have cited us to the rules developed in connection with the application of the statute of frauds to determine whether certain transactions are sales or contracts for work and labor. They have also strongly urged the adoption of the Illinois rule holding the retail sales tax in that jurisdiction to be inapplicable where the article sold is a mere incident and the skilled service is that which is required. Burgess Co. v. Ames, 359 Ill. 27, 194 N. E. 565. But in view of the fact that Chapter 16848, *supra,* contains its own definition of a "sale" and what is meant by "gross receipts," we believe such rules are inapplicable to the question in this State.

A "sale" is defined in Chapter 16848, *supra,* to mean "any transfer, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration." A "retail sale" or "sale at retail" means "a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property." The term "gross receipts" is defined to mean "the total amount of the sale price of the retail sales of retailers, *including any services that are a part of such sales . . .* without any deduction therefrom on account of the cost of the property sold, the cost of the materials used, labor or service cost . . ." (Italics ours.)

We think the appellants fall within the provisions of the law. Drugs are personal property, are corporeal in character, and the furnishing of them for a consideration constitutes a sale of tangible personal property. The definition of "gross receipts," as set forth in the Act, indicates that the Legislature was aware of this problem where service is a factor in the sale, and specifically provided that it (gross

receipts) should mean the total sales price "including any services that are a part of such sales."

This conclusion is in accord and controlled by the decision of this Court in Lee v. Gaddy, 133 Fla. 749, 183 So. 4. In that case we recognized that the practice of pharmacy is a profession requiring special skill and knowledge, but held that the pharmacists were engaged in the business of preparing and dispensing drugs under physicians' prescriptions "as an incident to the retail drug business" and, therefore, were not subject to payment of a professional license tax.

It follows the decree of the lower court in denying appellants relief and dismissing the bill of complaint was proper.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justices THOMAS and ADAMS not participating as authorized by Section 4687 Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.