STANLY, Associate Justice.
The appellee, who was plaintiff in the lower court, on behalf of herself as a registered nurse practicing in Pinellas County, and for the benefit of the members of District 13, Florida State Nurses Association, Inc., as a class, filed suit against the appellant, Tax Collector of Pinellas County, who was defendant in the lower court, to obtain a decree declaring that she, and other registered nurses mentioned were not subject to the State and County occupational license tax provided for by Section 205.52, Florida Statutes, F.S.A., the pertinent portion of which provides:
“Professions. — Every person engaged in the practice of any profession, whether or not such profession be regulated by law, shall pay a license tax of ten dollars for the privilege of practicing, which license tax shall not relieve the person paying same from the payment of any license tax imposed on any business operated by him. * * * ”
The appellant contends that a registered nurse, whose practice is not confined solely to work as an employee of the Federal, State, County or Municipal Government, is engaged in the practice of a profession within the purview of the quoted statute, and therefore is required to pay the mentioned tax. The chancellor below ruled against the contentions of appellant tax col *602 lector and enjoined him from collecting or attempting to collect an occupational license tax from the appellee or other registered nurses in Pinellas County. The correctness of that decision is here for review.
The sole question to be determined is whether or not a person practicing as a registered nurse in this state is thereby engaged in the practice of a “profession” within the purview of said section 205.52, F.S., F.S.A., and liable for the occupational license tax thereby imposed.
The appellant argues that the failure on the part of the Legislature to specifically define the term “profession” imposed upon the State Comptroller the duty of making an administrative determination of the scope of professional activities encompassed thereunder inasmuch as under sections 205.-07 and 205.08, F.S., F.S.A., he is charged with the duty of making rules and regulations to govern tax collectors in collecting license taxes; and that rules promulgated by the Comptroller which were in force and effect at the time in question, expressly name “Registered Nurses” (except those whose practice is confined solely to work as an employee of the Federal, State, County or Municipal Government) among a list of 19 professions included' as being liable for payment of the tax imposed by above quoted section 205.52, F.S., F.S.A.; and that such rule constitutes a reasonable and valid implementation of the statute entitled to recognition as such by the courts.
The testimony in this case establishes that nurses work under the supervision and •subject to the direction,.of superiors; their employer varies from indiyidua.1 patients, doctors, hospitals, clinics, and other institutions or agencies, governmental and otherwise, which may change many times during the taxable year; they maintain no place of business where people may go for advice or treatment; they work on hourly schedules not dictated by themselves and for wages not enhanced by experience, or ability of the patient or employer to pay, and which are not commensurate to the level of compensation received by generally recognized professional persons. All of those factors are at variance with the attributes of generally recognized professions implying attainments in specialized intellectual training and knowledge of some department of learning, science, or art as distinguished ■from mere skill in employment habitually engaged in for livelihood or gain. However, our attention is directed to the fact that Chapter 6491, Acts of -1913, and subsequent amendatory acts, brought forward in the compilation of Florida Statutes as chapter 464, F.S.A., which creates the Florida State Board of Nursing, distinguishes the practical nurse from the registered nurse, and often refers to the registered nurse as a person engaged in the practice of professional nursing; and also to the tendency of registered nurses to refer to themselves as-“professional” nurses.
By stipulation filed in the case it appears that the defendant, Lester W. Lambert, assumed office as Tax Collector of Pinellas County during 1950, and since such time, in effort to comply with the aforementioned rules promulgated by the Comptroller, consistently contacted various nursing agencies and registries in Pinellas County requesting them to advise nurses registered with such agencies that the Office of Tax Collector would require payment of said license tax from all practicing registered nurses, except those in the exclusive employment of Federal, State, County or Municipal Governments, and the records of said Tax Collector reveal that no registered nurses paid such license tax for the years 1950, 1951 and 1952, but for the year 1953 such tax ■ was paid by a negligible portion of the number of registered nurses practicing in Pinel-las County.
While this Court has held that the interpretation placed upon a statute by an administrative department of state government, although not binding upon the courts, is accorded great persuasive force, yet neither such rules, nor Chapter 205, vests in such Comptroller the power to broaden the scope of the taxing statute beyond that intended by the Legislature when- enacted. In searching out such legislative intent it seems appropriate to review the history of occupational license tax legislation applicable to classifications of both nursing and *603 professional activities. In so doing a repealed statute on the same subject may be looked to the same as other statutes to ascertain the intention of the Legislature. See Amos v. Conkling, 99 Fla. 206, 126 So. 283.
Nurses first became the subject of occupational license tax legislation in 1929, when, by Chapter 14491, a rather comprehensive license tax act consisting of thirty sections was enacted. Section 14 (i) thereof reads as follows:
“Trained Nurses. — Each Trained Nurse, holding a certificate as such shall pay a license tax of $10.00.”
and Section 15(i) thereof reads as follows:
“Professions. — Each and every practitioner of law, medicine, osteopathy, chiropractic, pediatry, chiropodist, dentistry, optician, optometrist, masseur, embalmer, civil, mechanical, hydraulic or electrical engineer or architect and every other practitioner of any profession, the members of which charge for their services as such and the validity of whose right to practice shall depend upon their having been duly licensed so to do under the laws of Florida shall pay a State license tax of Ten ($Í0.00) Dollars. All other laws relating to the imposition of State occupational license tax on the members of ány profession covered by this Act are hereby repealed, and the State occupational license tax applicable to such professions shall be those fixed by this Act. * * * ”
Such affirmative act of the Legislature in singling out trained nurses as a separate and distinct classification to be differentiated and distinguished from the activities classified under the separate heading of “Professions” clearly manifested its plain and positive intent and design to disassociate the activities of each, and to effectively segregate each from the other into unrelated and independent categories insofar as the matter of occupational license taxes may be concerned. Certainly such positive and distinct classifications would rule out any argument that a trained, or professional, nurse would be within the purview of said section 15 (i) of the 1929 Act providing for the levy of occupational license tax against professional persons.
The subject next arose in the 1937 session of the legislature, when by Chapter 18011, Acts of 1937, a general revision of the occupational license tax laws was accomplished. Section 10 thereof is the same as Section 205.52, F.S., F.S.A., supra. Said Chapter 18011, § 38, expressly repealed former Chapter 14491, Acts of 1929, and contains no language purporting to carry forward, or include therein, any specific provision for taxing nursing activities. Hence the previously manifested intention of taxing trained nurses was apparently withdrawn and completely eradicated from the 1937 revision, unless, as here contended by appellant, it is to be held that a person practicing as a registered nurse is engaged in the practice of “a profession” within the purview of Section 10 thereof, now appearing as Section 205.52, F.S., F.S.A., supra. That act was comprehensive oh Hie subject of occupational taxes and purported to cover the general field; but as was pointed out it omits specific mention of nursing.
The1 similarity-' of said Section ..205.52, F.S.,‘ F.S.A:,1 with its predecessor Section lS(i) of Chapter -14491, supra, is. readily apparent because each levied similar occupational tax against the practitioners of any profession. Accordingly our decision construing the predecessor act in the case of Lee v. Gaddy, 133 Fla. 749, 183 So. 4, 5, is applicable here. The question decided in that case was whether a pharmacist should be construed to be engaged in the practice of a profession so as to render him liable for the occupational license tax imposed by said Section 15 (i) óf Chapter 14491, supra, against persons practicing a profession. There this court said:
“There can be no serious question that in performing the service of a pharmacist one engages in a profession. * * *
“If it was the intent of the legislature to place the license tax upon those engaged in all professions without limi *604 tation, then the Act will include every school teacher, journalist, minister of the Gospel, and probably a great horde of politicians, as well as dancers, musicians, ball-players and other entertainers. A literal interpretation of Section 10 of chapter 18011, supra, would lead to that conclusion.
“We held in the case of State v. Sullivan, 95 Fla. 191, 116 So. 255, 261:
“ ‘In statutory construction legislative intent is the pole star by which we must be guided, and this intent must be given effect even though it may appear to contradict the strict letter of the statute and well-settled canons of construction. The primary purpose designated should determine the force and effect of the words used in the act and no literal interpretation should be given that leads to an unreasonable or rediculous conclusion or a purpose not designed by the lawmakers.’
******
“It is a cardinal rule that statutes conferring authority to impose taxes must be construed strictly in favor of the taxpayer and against the grantee of the power. See Atlantic Coast Line R. Co. v. Amos, 94 Fla. 588, 115 So. 315.
“While holding that pharmacy is a profession, we think that * * * the legislature did not intend to impose a license tax upon those so engaged, nor upon school teachers, journalists, Ministers of the Gospel, musicians, ball-players or other professional entertainers, against whom no license tax has ever been heretofore levied in this State.”
The ruling in that case renders it unimportant that Chapter 464, supra, refers to registered nurses as persons engaged in the practice of professional nursing, or that nurses may exhibit pride in their vocation by referring to themselves as “professional” nurses because this Court is committed to the proposition that the law now in question should not be construed literally to include all professions without limitation. Our former examination of the act in question lead us to the construction that the legislature did not intend to include within the scope of its provisions such professional persons as pharmacists, school teachers, Ministers of the Gospel, ball-players, etc. We are now called upon to determine whether that same 1937 session of the legislature, intended by said law to reclassify trained, or professional, nurses so as to include them within the limited scope of professional persons intended to be taxed thereby.
When such 1937 session of the legislature set about to revise the occupational' tax laws it is presumed to have been fully aware of the preexisting legislative determination made by the former 1929 session that trained, or professional, nurses were not, and should not, be construed to be, in the category of “professional” persons for occupational tax purposes. Such exclusion appears to have been recognized as logical and well settled up to that time. We fail to discern any intention of the 1937 Legislature to change or recede from that fully warranted exclusion of registered nurses from the limited scope of such professional persons as were required to pay the occupational license imposed by the act in question. Under the circumstances shown we do not believe the legislature intended said act to encompass or include petitioner, or other registered nurses practicing in this state, in the classifications of persons to be taxed thereunder. The principles of law enunciated herein were aptly applied by the chancellor below, and we approve his conclusion that persons practicing as registered nurses in this state are not engaged in the practice of a profession within the purview of section 205.52, supra. Accordingly the decree appealed from is
Affirmed.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.