PER CURIAM.
By these consolidated appeals plaintiff seeks review of orders dismissing his complaint and denying his petition for rehearing and leave to amend the complaint.
Plaintiff filed suit against the defendants, the taxing authorities, complaining that certain of his real property had been illegally assessed. He sought to pay the county a sum less than that assessed and asked for an injunction prohibiting the county from collecting a greater sum. It was alleged in the complaint that all of the 1967 ad valorem taxes assessed against this property had been voluntarily paid by the mortgagee prior to the institution of the suit. It was further alleged that the payment was made through clerical mistake and inadvertence and was contrary to the instructions he had given to the mortgagee; that the defendants refused to return the money paid.
The trial court dismissed the complaint on the grounds that plaintiff’s complaint shows on its face a complete affirmative defense to plaintiff’s action. The petition for rehearing and motion for leave to amend were denied.
The grounds for the court’s holdings were set forth in its order. They are:
“(1) Plaintiff’s principal ground for rehearing is that an affirmative defense appearing on the face of a Complaint may not be asserted as grounds for a Motion to Dismiss the complaint. Rule 1.110(d), Florida Rules of Civil Procedure, provides otherwise. Accordingly, Plaintiff’s Petition for Rehearing be and the same is hereby denied.
“(2) Plaintiff has sought leave to amend his Complaint by withdrawing Paragraphs 6 and 9 thereof and substituting therefor a new Paragraph ó and an exhibit designated Exhibit A. Paragraph 9 of the Complaint shows that the mortgagee of Plaintiff’s property paid the assessed taxes in full and without protest before the present suit was filed. Plaintiff, appearing in pro persona at the hearing on the Motion for Leave to Amend Complaint did not deny the truth of the matters alleged in said Paragraph 9 of the Complaint. Instead, Plaintiff has sought to withdraw the allegations of said Paragraph 9 on the ground that these allegations are properly matters of affirmative defense and should be plead by Defendants in their answer. The proffered amendment itself alleges that the taxes on Plaintiff’s property were paid in full prior to suit being filed and is thus entirely consistent with the allegations of Paragraph 9 of the Complaint. Accordingly, it would serve no useful purpose to permit Plaintiff to amend his Complaint by withdrawing Paragraph 9 thereof, which he admits to be true, and to substitute the proferred amendment and justice does not require the Plaintiff be given leave to so amend his Complaint. Therefore, Plaintiff’s Motion for Leave to Amend Complaint be and the same is hereby denied.”
It is appellant’s contention that the allegations contained in Paragraph 9 of the original complaint do not set forth facts which, if true, are grounds for a complete affirmative defense and that the trial court abused its discretion in denying plaintiff’s motion to amend. We find these contentions to be without merit. In State ex rel. Victor Chemical Works v. Gay, Fla.1954, 74 So.2d 560, 46 A.L.R.2d 1340, refund was denied for taxes paid under a statute held to be unconstitutional. Payment was held to have been voluntary even under those facts, and such holding precluded recovery.
In North Miami v. Seaway Corp., 1942, 151 Fla. 301, 9 So.2d 705, the money in question was paid pursuant to a tax levied on land after a judicial determination that *636 the land was in fact not subject to the tax. The payment was held to have been voluntary and recovery precluded.
Therefore, we conclude that the order appealed from was correct and we affirm.
Affirmed.