358 So.2d 871 (1978)
Marvin WILLIG, Trustee, Appellant,
v.
Al H. BLAKE et al., Appellees.
No. 77-1254.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Grusmark, Jaffe, Karten, Miami, for appellant.
Stuart Simon, County Atty., and Robert L. Krawcheck, Asst. County Atty., for appellees.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order denying his petition for reconsideration entered by the trial court on May 25, 1977, following its granting of summary judgment in favor of appellees, defendants below. We affirm.
Appellant's point on appeal is set forth in his brief as follows:

*872 "Whether the filing of a complaint simultaneously with the payment of a tax assessment in full raises sufficient issue of a material fact to wit: whether the payment was under protest and not voluntary as to prevent the granting of a summary final judgment against the plaintiff."
Appellant's complaint was filed on December 3, 1976. About the same time, appellant made a full payment of the amount of a tax assessment due and owing to appellee Al H. Blake, Tax Collector, Metropolitan Dade County [hereinafter referred to as Tax Collector]. At the time of this payment, the Tax Collector had not been served with process in regard to the complaint. In fact, the record shows that appellant did not deliver process to the sheriff for service until December 9, 1976, approximately six days after the payment was made. Service of process was made on December 13, 1976. Thereafter, appellees filed their answer and defenses wherein they set forth the following affirmative defense:
"The complaint should be dismissed due to the plaintiff's [appellant] payment of taxes in full and without protest."
Subsequently, appellees filed a motion for summary judgment on the basis that the taxes had been paid in full without protest. On April 6, 1977, the trial court entered summary final judgment in favor of appellees. Appellant then filed a petition for reconsideration which the trial court denied in an order dated May 25, 1977. From this order, appellant brings his appeal.
Appellant's primary argument in support of his point on appeal is that the filing of his complaint on the same day that he paid the taxes showed that the taxes were not paid voluntarily, but under protest. We disagree with appellant.
The record shows that the Tax Collector was not made aware of the filing of the complaint at the time the taxes were paid in full without protest. In fact, he was not served with process until approximately six days later. By paying the taxes in full without protest, appellant chose to ignore the statutory provisions governing the payment of taxes upon an assessment in dispute. Section 194.171, Florida Statutes (1975), establishes the procedure whereby a taxpayer, before bringing an action, shall pay to the Tax Collector only the amount of tax which is admitted in good faith to be owed. This Section does not contemplate or require the taxpayer to pay any more taxes than those which he admits to be due and owing. Consequently, any payment made by a taxpayer, unless specifically paid under protest, should be presumed to be a good faith payment of the taxes admitted to be due and owing. If the taxpayer takes it upon himself to depart from the statutory scheme, then he is under an obligation to put the Tax Collector on actual notice that he is contesting the taxes paid. In the instant case, there was no actual notice of protest given to the Tax Collector at the time the taxes were paid. Therefore, the payment of the taxes in full without proper protest gave rise to appellees' complete affirmative defense upon which the trial court granted summary final judgment in their favor. See State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla. 1954); North Miami v. Seaway Corp., 151 Fla. 301, 9 So.2d 705 (1942); and Tietig v. Dade County, 214 So.2d 634 (Fla. 3d DCA 1968). Because the summary final judgment was correctly entered by the trial court, appellant's petition for reconsideration was properly denied. Therefore, no other error having been made to appear, the order of the trial court denying appellant's petition for reconsideration is affirmed.
Affirmed.