388 So.2d 305 (1980)
William A. INGRAHAM, Jr., P.A., Zyne & Wehby, P.A., On Behalf of Themselves and Other Similarly Situated, Appellants,
v.
CITY OF MIAMI, Florida, Appellee.
No. 79-2281.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied October 7, 1980.
*306 Bertram A. Sapurstein, Miami, for appellants.
George F. Knox, Jr., City Atty., and Mikele Carter, Asst. City Atty., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The issue before us is whether the City of Miami had authority to impose an occupational license tax against an individual licensed attorney for the year 1976 and subsequent years and additional authority to levy an occupational license tax against the professional association, of which the attorney was also a member. We find that it did and affirm the summary judgment entered against the individual professional associations as well as all others within the class similarly situated.
We begin our review by observing that Article VII, Section 1(a) of the Florida Constitution provides:
No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law.
Article VII, Section 9(a) of the Florida Constitution addresses local taxation generally by providing:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this Constitution.
We acknowledge that our Supreme Court has construed these similar provisions to hold that, except for an ad valorem tax, a municipal tax which is not authorized by general law is unconstitutional. City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1, 3 (Fla. 1972).
*307 We also have no difficulty construing Section 205.042, Florida Statutes (1975)[1] to authorize a municipality, by an appropriate ordinance or resolution, to levy an occupational license tax for engaging in any business, profession, or occupation within its jurisdiction. Similarly, we find that Section 205.022(3), Florida Statutes (1975),[2] defines a "person" to mean either an "individual" or "corporation." When the cited statutes are construed in pari materia with the definitional section of the Professional Service Corporation Act, specifically, Section 621.03(2), Florida Statutes (1975), which provides that:
The term "professional corporation" means a corporation which is organized under this act for the sole and specific purpose of rendering professional service and which has as its shareholders only individuals who themselves are duly licensed or otherwise legally authorized within this state to render the same professional service as the corporation.
it is clear that professional corporations are within the occupational license framework enunciated by these statutes.
Even appellants concede that the Legislature may validly impose an occupational tax on both the individual shareholder as well as the corporation of which he is a part. The mere fact that one may fall into multiple classifications, upon each of which the governmental entity may impose a tax, does not by itself, invalidate the tax imposed on any one of those classifications. Smith v. City of Miami, 160 Fla. 306, 34 So.2d 544 (1948); Bentley-Gray Dry Goods Co. v. City of Tampa, 137 Fla. 641, 188 So. 758 (1939).
The only remaining question then is whether the City of Miami had, by ordinance or resolution, duly implemented the aforementioned statutory authority to impose an occupational license tax against a professional corporation contemplated by Chapter 621, Florida Statutes (1975).
Under the express provisions of Article III, Section 30-28 A of the Code of the City of Miami, the city specifically imposed an occupational license tax against individual attorneys. Under the "catch-all" phrase of the cited ordinance, an occupational license tax was imposed against the following categories:
Every business, occupation, profession or exhibition, substantial, fixed or temporary, engaged in by any person whether in a building or tent, or upon the street, vacant lot, or anywhere in the open air in the city, not herein specifically designated, shall pay a license fee of ... ... .... . . $47.00. [emphasis added]
The code did not specifically enumerate an occupational license tax against a professional corporation because professional corporations were not specifically designated.[3] Although we recognize the authority to impose taxes must be strictly construed in favor of the taxpayer and against the taxing authority, Lambert v. Mullin, 83 So.2d 601 (Fla. 1955), we have no difficulty in arriving at the conclusion that, under the plain and ordinary construction of the "catch-all" section, the city's design and purpose have been sufficiently evinced so as to warrant the imposition of an occupational license tax against professional legal corporations *308 in addition to a tax imposed against individual attorneys at law. The "logical and practical intent should be ascribed to every legislative act ... [a]nd the manifest intent of the legislature will prevail over any literal import of words used by it." George v. State, 203 So.2d 173, 176 (Fla.2d DCA 1967).
We note in passing that appellants brought this suit as a class action for all professional associations similarly situated. A contrary holding to the one we issue today, that Section 30-28 of the Code of the City of Miami as it appeared prior to the amendment,[4] validly imposed an occupational tax on the members of the class, would only have entitled those professional associations who had paid an occupational license tax for the year 1976 and had protested such payment, to have those fees returned. Willig v. Blake, 358 So.2d 871 (Fla.3d DCA 1978).
For the above stated reasons, the judgment of the trial court is hereby affirmed.
NOTES
[1] Levy; municipalities.-The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.
.....
(2) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
[2] means any individual, firm, partnership, joint adventure, syndicate, or other group or combination acting as a unit, association, corporation, estate, trust, business trust, trustee, executor, administrator, receiver, or other fiduciary, and shall include the plural as well as the singular.
[3] On July 28, 1977, following institution of this controversy, the City Commission of the City of Miami, by Ordinance No. 8678, amended Section 30-28, supra, to specifically designate professional corporations and thereby subject them to an occupational license tax.
[4] See n. 3, supra.