Mr. James C. Brady City Attorney City of Lauderdale Lakes
QUESTION:
Can a municipality impose a license tax for the issuance of an occupational license on an establishment having its permanent place of business in the municipality and selling both alcoholic beverages and items typically sold in grocery stores or selling meals and other edible products in connection with liquor lounge activities?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, s. 561.342(3), F.S., prohibiting the imposition of a municipal license or excise tax on the sale of alcoholic beverages, does not in terms operate to inhibit the imposition of a properly enacted municipal occupational license tax upon the privilege of engaging in the business of selling nonalcoholic merchandise, food or other nonalcoholic items and services, where an establishment is engaged in the business of selling alcoholic beverages and, incidental therewith, sells nonalcoholic merchandise or food and other nonalcoholic items and services.
Your question is answered in the affirmative.
In 1971, the Legislature enacted ch. 71-361, Laws of Florida, which repealed the authorization for a municipal license tax on the manufacture, distribution, transportation, importation, or sale of alcoholic beverages. See s. 4, ch. 71-361. In lieu of the repealed authorization for the levy of a municipal license tax, the Legislature established a procedure (set forth in s.561.342(2), F.S.) whereby a percentage of the state license taxes on the alcoholic beverage business is returned to the appropriate municipality. See s. 6, ch. 71-361. This revenue sharing procedure appears to have been intended by the Legislature as a substitute for the previous system which had authorized a separate municipal tax. See AGO 079-36.
The merchandise liquor vendors may sell is regulated by statute, without which the designated vendors would be limited by ch. 565, F.S., exclusively to the sale of intoxicating beverages. See ss.565.04, 565.045, F.S. Pursuant to the proviso contained in s.565.04, F.S., vendors licensed under s. 565.02(1)(a), F.S., are allowed to sell, in addition to alcoholic beverages, only certain enumerated items. These items include bitters, grenadine, nonalcoholic mixer-type beverages (not to include fruit juices produced outside this state), fruit juices produced in this state, home bar and party supplies and equipment (including but notlimited to glassware and party-type foods), miniatures of no alcoholic content, and tobacco products. Likewise, pursuant to the provisions of s. 565.045 vendors licensed under s.565.02(1)(b)-(f), are allowed to sell, in addition to alcoholic beverages, home bar and party supplies and equipment (includingbut not limited to glassware and party-type foods), cigarettes and what is customarily sold in a restaurant. It should be noted that the word `include' is usually a term of enlargement, not of limitation, and conveys the conclusion that there are other items includable though not specifically enumerated by statute. Argosy Limited v. Hennigan, 404 F.2d 14, 20 (5th Cir. 1968); see also 42 C.J.S. Include, p. 525, et seq.
Section 205.042, F.S., provides by general law authorization for municipalities to levy `an occupational license tax for the privilege of engaging in or managing any business, profession or occupation within its jurisdiction,' (emphasis supplied) subject to the conditions stated therein. See also s. 205.043, F.S. (1980 Supp.), specifying conditions on the authority to levy municipal occupational license taxes. Such license tax may be levied on any
person who maintains a permanent business location or branch office within that municipality, for the privilege of engaging in or managing any business within its jurisdiction. Section205.042(1), F.S. Additionally, s. 205.022(1), F.S., defining local occupational license tax as being a privilege tax, expressly provides that such local occupational license tax means:
 the method by which a local governing authority grants the privilege of engaging in . . . any business . . . . It shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory (licenses under ch. 565, F.S., are both regulatory and revenue licenses) and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter. (Emphasis supplied.)
However, the above definition as well as s. 205.042, F.S., should be read with s. 561.342(3), F.S., which sets forth the following prohibition on municipal license taxation of specifically enumerated business activities dealing with alcoholic beverages:
 No tax on the manufacture, distribution, exportation, transportation, importation, or sale of such beverages shall be imposed by way of license, excise, or otherwise by any municipality, anything in any municipal charter or special or general law to the contrary notwithstanding. (Emphasis supplied.)
The above quoted language in s. 561.342(3), F.S., carriers the plain and obvious meaning that a municipality may not impose a license tax on the sale of alcoholic beverages, a clear exception to or limitation on the license tax authority granted municipalities by s. 205.042, F.S. See AGO 079-36. Note, however, that AGO 079-36 determined only that the business of warehousing and storing alcoholic beverages appeared to be an integral and inseparable, if not predominant element of `distribution' as that term is used in s. 561.342(3), F.S., and therefore said activities were governed by s. 561.342(3), F.S.
A business enterprise may be subjected to more than one municipal occupational license tax if that business is engaged in more than one taxable activity. Ingraham v. City of Miami, 388 So.2d 305 (3 D.C.A. Fla., 1980); Panama City v. Hi-Octane Terminal Company,121 So.2d 197 (1 D.C.A. Fla., 1960); City of Tampa v. Columbia Restaurant, 194 So. 319 (1940). It is clear that businesses engaged in the sale of alcoholic beverages may also be engaged in the sale of other merchandise. See ss. 565.04 and 565.045, F.S. Section 561.342(3), F.S., does not purport to exempt liquor vendors from or to inhibit municipal taxation of such incidental or additional nonalcoholic business activities pursuant to s.205.042, F.S. Therefore, an establishment engaged in the business of selling alcoholic beverages and, incidental or in addition thereto, other merchandise and services is subject to a validly enacted occupational license tax upon the privilege of engaging in the business of selling such nonalcoholic merchandise, food and other nonalcoholic items and services.
Prepared by: Jeff Kielbasa, Assistant Attorney General
Gary Brown Legal Intern