Dear Mr. Levin:
On behalf of the City of Punta Gorda, you ask substantially the following questions:
1. Must a municipality impose a local business tax pursuant to section 205.042, Florida Statutes, on all businesses, professions, and occupations within its jurisdiction?
2. Must a municipality impose a local business tax on professionals licensed by the state if such professionals are employed by another person or entity?
3. May a municipality amend its local business tax ordinance adopted prior to October 1, 1995, to exempt state-licensed professionals employed by another?
4. If a municipality amends its local business tax ordinance to include state-licensed professionals employed by another, must the amendment be passed by a majority plus one vote of the city council?
5. Must a municipality establish an equity study commission before imposing a local business tax on state-licensed professionals employed by others?
6. May a municipality impose differing rates of a local business tax on employers and employees?
In sum:
A municipality must impose a business tax on all businesses, professions, and occupations within its jurisdiction when adopting a tax pursuant to section 205.042, Florida Statutes, and exempt only those businesses, professions, or occupations addressed in Chapter 205. The rate of taxation must be uniform within a classification and may be addressed biennially for increases or decreases after the city has met the conditions for adopting a reclassification and revision ordinance.
Due to the interrelated nature of the questions you have posed, they will be answered together.
You state that in 1972 the City of Punta Gorda adopted an ordinance imposing an occupational license tax on all persons, firms or corporations maintaining a permanent business location or branch office within the corporate limits of the city. The ordinance listed 183 classifications of businesses, occupations, and professions, including separate classifications for each lawyer, physician, surgeon, dentist, real estate broker, and real estate salesman. It also included an "unclassified" category to capture all persons, firms, or corporations doing business in the city or having agents or representatives established within the city.
In 1981, the city substantially amended its occupational license tax ordinance, expanding the list of professions and businesses subject to the tax, but exempting those persons who practice their profession as "a Professional Associate [sic] (P.A.) or as an employee, associate, partner, or otherwise." This resulted in state-licensed professionals employed by other persons or entities no longer being subject to the tax.
In 1995, after the appointment of an equity study commission, the city adopted a substantially rewritten occupational license tax ordinance, which specifically states: "The tax provided in this ordinance for a business or occupation regulated by the Department of Professional Regulation, or any other state regulatory agency, shall apply to each individual, unless employed by another, or practicing in a partnership, corporation or professional association."
Initially, I note that this office must presume the validity of a duly enacted ordinance. However, you have requested assistance from this office which requires general comments about the requirements under state law.
Section 205.042, Florida Statutes, authorizes the governing body of a municipality to levy, by appropriate resolution or ordinance, a local business tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.[1]
The statute provides that the business tax may be levied on:
"(1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction.
(2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
(3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the business tax is not prohibited by s. 8,Art. I of the United States Constitution."[2]
For the purposes of the statute, a "[p]erson" means "any individual, firm, partnership, joint adventure, syndicate, or other group or combination acting as a unit, association, corporation, estate, trust, business trust, trustee, executor, administrator, receiver, or other fiduciary, and includes the plural as well as the singular."[3] Thus, the local business tax law applies to and operates on any person, engaged in any business, profession, or occupation who exercises the taxable privilege within a municipality's jurisdiction and is not excepted or exempted from the license tax by the terms of Chapter 205, Florida Statutes, or other applicable general law.
While municipalities have been granted broad home rule powers, [4] such powers do not include the authority to levy taxes or to provide exemptions therefrom.[5] Thus, a municipality must rely upon specific constitutional or statutory authority to exercise taxing powers. As noted above, municipalities have been granted the authority to levy local business taxes for the privilege of engaging in or managing businesses, professions, or occupations within their jurisdictions. Several exemptions and partial exemptions are enumerated in Chapter 205, Florida Statutes, [6] and, as this office has consistently found, absent a specific statutory exemption from the local business tax, a municipality or county may not create new exemptions.[7]
The plain language of section 205.042, Florida Statutes, is couched in terms of the permissive "may" for the levy of a business tax. I cannot say, therefore, that a city "must" impose such a tax, but in the event that it does adopt an ordinance imposing a local business tax, it must do so in compliance with the provisions in Chapter 205, Florida Statutes.[8]
In Attorney General Opinion 83-17, this office addressed whether a real estate salesperson is subject to an occupational license tax[9] when working under a real estate broker. It was concluded that a salesperson, even though required under the real estate licensing statute to work under the supervision of a broker, is subject to the occupational license tax authorized by Chapter 205, Florida Statutes.
Later, in Attorney General Opinion 2000-01, this office was asked to consider whether a city could exempt a specific business from the occupational licensing requirement when the business is not exempted under Chapter 205, Florida Statutes. In that opinion, the city had enacted an occupational license tax ordinance pursuant to section 205.042, Florida Statutes, and the local real estate association had asked that real estate agents operating under real estate brokers be exempted from the licensing requirements. The 2000 opinion noted that no statutory changes had been made that would alter the conclusion in Attorney General Opinion 83-17. Further, it was noted that the statute enumerates several exemptions and partial exemptions. Relying on the rule of statutory construction that where the Legislature has directed how a thing shall be done, it effectively operates as a prohibition against its being done in any other manner, the opinion concluded that the city had no authority to create an exemption for real estate agents operating under a real estate broker from the city's occupational license tax.[10]
In Attorney General Opinion 2000-63, this office was asked whether a city could decrease the rates established in its local occupational license tax ordinance for a particular classification. The opinion considered section 205.0535, Florida Statutes, which at that time authorized the reclassification and rate structure revision of local occupational license tax ordinances by October 1, 1995, and every other year thereafter, toincrease by ordinance the rates of local occupational license taxes by up to 5 percent.[11] It was found that nothing in the section authorized a municipality to revisit a validly enacted rate increase prior to its scheduled biennial review or to make downward adjustments to individual classifications.
Section 205.0535(4), Florida Statutes, now provides that after a city has met the prerequisites for reclassifying occupations and revising its rate structure, it may "increase or decrease" by ordinance the rates of business taxes by up to 5 percent. An increase, however, may not be enacted by less than a majority plus one vote of the governing body and the section states that "[n]othing in this chapter shall be construed to prohibit a municipality or county from decreasing or repealing any business tax authorized under this chapter."[12]
In light of the above discussion, it is my opinion that the city may apply only the exemptions set forth in Chapter 205, Florida Statutes, to exclude individuals or entities from its local business tax. In the event the city has previously exempted an individual or entity not exempted by the statute, the imposition of the local business tax on that individual or entity would not appear to be subject to approval by a majority plus one vote of the governing body as it is not an increase of a rate on a class. Rather, the classification in which the professional would otherwise have fallen would be used to determine the rate of taxation. Moreover, it does not appear that the city must establish an equity commission before the business tax may be imposed on individuals or entities erroneously exempted from the provisions of Chapter 205, Florida Statutes, inasmuch as the city would not be reclassifying those subject to the tax, nor would it be revising its rates. If an employer and employee are in the same classification, the statute requires that the rate of taxation be uniform within that classification.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See s. 205.022(5), Fla. Stat., defining a "[l]ocal business tax" as the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.
[2] Section 205.042, Fla. Stat.
[3] Section 205.022(7), Fla. Stat.
[4] See s. 166.021, Fla. Stat., and Art. VIII, s. 2(b), Fla. Const.
[5] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property absent constitutional or statutory authority); 80-87 (1980), and 79-26 (1979) (municipality has no home rule powers to levy excise or non-ad valorem taxes and exemptions; such taxing power must be authorized by general law).
[6] See s. 205.054, Fla. Stat. (partial exemption for engaging in business or occupation in an enterprise zone); s. 205.063, Fla. Stat. (no separate business tax required for vehicle used for sale or delivery of tangible personal property from a place of business on which a license has been paid); s. 205.064, Fla. Stat. (no business tax required for farm, aquacultural, grove, horticultural, floricultural, tropical piscicultural, and tropical fish farm products); s. 205.065, Fla. Stat. (exemption for nonresidential persons who are licensed by the Department of Business and Professional Regulation); s. 205.162, Fla. Stat. (exemption for certain disabled persons, the aged, and widows with minor dependents); s. 205.171, Fla. Stat. ($50 exemption for disabled veterans of any war or their unremarried spouses whose business is carried on mainly through the personal efforts of the licensee); s. 205.191, Fla. Stat. (no business tax required for churches); s. 205.192, Fla. Stat. (no business tax required for charitable, religious, fraternal, youth, civic, service, or other organization making occasional sales or fundraising when efforts are exclusively made by members of such organization and proceeds are used exclusively in the activities of the organization); and s. 205.193, Fla. Stat. (local business tax not required for mobile home setup operations).
[7] See Ops. Att'y Gen. Fla. 00-01 (2000) (city may not exempt real estate agents operating under real estate brokers from its occupational license requirement, absent specific exemption in Ch. 205, Fla. Stat.); 83-17 (1983) (real estate salesperson licensed and regulated by the state and operating under the supervision of a broker is subject to occupational license tax); Inf. Op. to Ms. Julie B. Schutta, January 31, 2001 (real estate salespersons appropriately included within scope of occupational license tax ordinance).
[8] See, e.g., Alsop v. Pierce,19 So. 2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Dobbs v. Sea Isle Hotel,56 So. 2d 341, 342 (Fla. 1952); Thayer v. State,335 So. 2d 815, 817 (Fla. 1976) (where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned).
[9] Section 1, Ch. 2006-152, Laws of Fla., changed the name of the "Occupational License Tax Act" to the "Local Business Tax Act," effective January 1, 2007, thereby replacing the term "occupational license tax" with "local business tax."
[10] See also Op. Att'y Gen. Fla. 2002-25 (municipality has no authority to exempt certain categories of occupations from its occupational license tax absent a statutory exemption for the specific category). And see Ingraham v. City of Miami,388 So. 2d 305 (Fla. 3d DCA 1980) (Legislature may validly impose occupational tax on both individual shareholder as well as professional corporation of which he is part.).
[11] Section 205.0535, Fla. Stat. (2000).
[12] See also s. 205.0535(1)-(3), Fla. Stat., stating:
"(1) By October 1, 2008, any municipality that has adopted by ordinance a local business tax after October 1, 1995, may by ordinance reclassify businesses, professions, and occupations and may establish new rate structures, if the conditions specified in subsections (2) and (3) are met. A person who is engaged in the business of providing local exchange telephone service or a pay telephone service in a municipality or in the unincorporated area of a county and who pays the business tax under the category designated for telephone companies or a pay telephone service provider certified pursuant to s. 364.3375 is deemed to have but one place of business or business location in each municipality or unincorporated area of a county. Pay telephone service providers may not be assessed a business tax on a per-instrument basis.
(2) Before adopting a reclassification and revision ordinance, the municipality or county must establish an equity study commission and appoint its members. Each member of the study commission must be a representative of the business community within the local government's jurisdiction. Each equity study commission shall recommend to the appropriate local government a classification system and rate structure for business taxes.
(3)(a) After the reclassification and rate structure revisions have been transmitted to and considered by the appropriate local governing body, it may adopt by majority vote a new business tax ordinance. Except that a minimum tax of up to $25 is permitted, the reclassification may not increase the tax by more than the following: for receipts costing $150 or less, 200 percent; for receipts costing more than $150 but not more than $500, 100 percent; for receipts costing more than $500 but not more than $2,500, 75 percent; for receipts costing more than $2,500 but not more than $10,000, 50 percent; and for receipts costing more than $10,000, 10 percent; however, in no case may the tax on any receipt be increased more than $5,000.
(b) The total annual revenue generated by the new rate structure for the fiscal year following the fiscal year during which the rate structure is adopted may not exceed:
1. For municipalities, the sum of the revenue base and 10 percent of that revenue base. The revenue base is the sum of the business tax revenue generated by receipts issued for the most recently completed local fiscal year or the amount of revenue that would have been generated from the authorized increases under s. 205.043(1)(b), whichever is greater, plus any revenue received from the county under s. 205.033(4).
2. For counties, the sum of the revenue base, 10 percent of that revenue base, and the amount of revenue distributed by the county to the municipalities under s. 205.033(4) during the most recently completed local fiscal year. The revenue base is the business tax revenue generated by receipts issued for the most recently completed local fiscal year or the amount of revenue that would have been generated from the authorized increases under s. 205.033(1)(b), whichever is greater, but may not include any revenues distributed to municipalities under s. 205.033(4).
(c) In addition to the revenue increases authorized by paragraph (b), revenue increases attributed to the increases in the number of receipts issued are authorized."